**STATE of Tennessee, Plaintiff–Appellee,**

v.

**Charles Jack ASHBY, Defendant–Appellant.**

Supreme Court of Tennessee,
at Jackson.

Dec. 23, 1991.

Amy L. Tarkington, Asst. Atty. Gen., Charles W. Burson, Atty. Gen. and Reporter, Nashville, for plaintiff-appellee.

Donald E. Parish, Ivey, Parish & Johns, Huntingdon, for defendant-appellant.

## OPINION

REID, Chief Justice.

This case presents an appeal from the judgment of the Court of Criminal Appeals affirming the trial court's refusal to grant appellant's request for sentencing pursuant to the Tennessee Community Corrections Act of 1985, T.C.A. §§ 40–36–101 to –306. Appellant contends that the standard of

review applied by the Court of Criminal Appeals violates the Tennessee and federal constitutional prohibition of ex post facto laws and that the courts below erred in denying his request for alternative sentencing. For the reasons that follow, the conviction is affirmed. The sentence, however, is vacated, and the case is remanded to the trial court for sentencing pursuant to the Community Corrections Act.

Appellant, a retired farmer in his early 60s, has a serious heart condition and is outfitted with a pacemaker. He takes several medications, including valium. Pharmacy records admitted into evidence show that during a six months period in 1988 the appellant purchased 720 valium pills at two drug stores on prescriptions written by two physicians. The record shows that appellant had been selling to others over a period of years drugs obtained on his prescriptions. Appellant's only prior conviction, receiving and concealing stolen property, occurred more than 20 years earlier, when he was 37 years old.

During the fall of 1988, a police informant purchased from appellant valium, a Schedule IV controlled substance, and Flexeril, a legend drug. As a result, appellant was convicted of six counts of selling valium, one count of selling Flexeril, and one count of possession of 750 valium with intent to sell. On November 15, 1989, appellant was sentenced as a Range I standard offender to two terms of three years in the Department of Corrections and fined $750 on each of seven counts and 30 days in jail and fined $50 on another count.

The Court of Criminal Appeals, in affirming the sentences, applied a presumption of correctness standard to the trial court's sentencing determination under the Tennessee Criminal Sentencing Reform Act of 1989, T.C.A. §§ 40–35–101 to –504, rejecting appellant's insistence that applying the presumption under the 1989 act would constitute an ex post facto law, forbidden by Article I, § 10 of the United States Constitution. The court held that the change in the rules of appellate review of sentencing falls into none of the forbidden categories found in *Calder v. Bull,* 3 U.S. (3 Dall.)

386, 390, 1 L.Ed. 648 (1798), and adopted in *Davis v. Beeler,* 185 Tenn. 638, 207 S.W.2d 343, 349 (1947). The appellate court affirmed the trial court's finding that conduct like appellant's must be deterred and held that "(d)eterrence alone is a proper basis for denial of the largesse of a sentence less restrictive than confinement," citing T.C.A. § 40–35–103(1)(B) ("(1) Sentences involving confinement should be based on the following considerations: ... (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses").

## I.

■ Appellant's first claim on appeal is that since the offenses were committed in 1988, application of the appellate standard of review provided in the 1989 Act for sentences imposed after November 1, 1989, a presumption of correctness of the trial court's decision, violates the ex post facto provision of Article 1, § 10 of the United States Constitution. The Court of Criminal Appeals' decision on this issue is affirmed. There is no authority for the position that legislative changes in the standard of review by appellate courts are ex post facto laws. The 1989 Act does not increase the punishment beyond that provided when the offense was created, nor does it meet any other category of ex post facto law as found in *Davis,* 207 S.W.2d at 343.

## II.

■ Appellant next asserts that the trial court erred in refusing to allow his requested sentence of 30 days in the county jail with the remainder to be served in Community Corrections. He insists that since he is a nonviolent offender with special medical needs and the sentence imposed is less than eight years, he is presumed under T.C.A. § 40–35–102(6) to qualify for rehabilitative alternative sentencing options.

Since the offenses were committed in 1988, the sentences were imposed after November 1, 1989, and the sentences violate no constitutional prohibition, the sentenc-

ing and this review are controlled by the Tennessee Criminal Sentencing Reform Act of 1989. T.C.A. § 40–35–117(b).

*De novo* review with a presumption of correctness, mandated by T.C.A. § 40–35–402(d), requires application of the sentencing principles stated in T.C.A. § 40–35–103 to the facts and circumstances in the record deemed relevant by T.C.A. § 40–35–210 and the provisions of the Community Corrections Act. The Court must consider the evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, argument of counsel, the nature and characteristics of the offense, any mitigating and/or enhancing factors, statements made by the offender, and the potential for rehabilitation. T.C.A. §§ 40–35–103, –210; *State v. Moss,* 727 S.W.2d 229 (Tenn.1986); *State v. Taylor,* 744 S.W.2d 919 (Tenn.Crim.App.1987). As this Court stated in *State v. Moss:*

> This provision makes it clear to us that a case-by-case approach to sentencing underlies this Act as a fundamental policy. An individual criminal is sentenced based on the nature of the offense and the totality of the circumstances in which it was committed, including the defendant's background. *Cf.* T.C.A. §§ 40–35–102(1); 40–35–102(2). Any case-by-case approach will embody discretion, since all of the appropriate factors and circumstances must be weighed and considered as a whole for the disposition of each case.

727 S.W.2d at 235. The Act, in order to accomplish its "foremost purpose," which is to "promote justice," provides that the sentence imposed must be the least severe necessary to achieve the punishment justly deserved, to assure fair and consistent treatment of all defendants, to prevent crime, and to promote respect for the law. It further provides that a defendant who receives a sentence of eight years or less and who is not among those for whom incarceration is first priority, as described in T.C.A. § 40–35–102(5), is presumed in the absence of evidence to the contrary to possess capabilities for rehabilitative alternative sentencing options. T.C.A. § 40–35–102 (Supp.1989). These rehabilitative alter-

native sentencing options "are specifically encouraged." T.C.A. § 40–35–102(6) (Supp. 1989).

Subsection (5) of T.C.A. § 40–35–102 recognizes, for the first time in Tennessee, that "scarce prison resources should enter into the sentencing evaluation for those convicted of violating the law." Sentencing Commission Comments to T.C.A. § 40–35–102. In fact, the General Assembly convened in 1985 for an extraordinary session, during which the Tennessee Community Corrections Act of 1985 was enacted, for the purpose of addressing the pressing issue of prison overcrowding. *State v. Taylor,* 744 S.W.2d at 920 (citing Tenn. Acts (1985 1st E.S.) Ch. 5, § 31 and Ch. 3, § 18). Subsection (5) reads,

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

This Court has stated, " 'That probation is less costly than incarceration has been amply demonstrated. *See* Standards Relating to Probation promulgated by the Advisory Committee on Sentencing and Review of the American Bar Association, at 29–30 (Approved Draft, 1970), estimating the cost of probation at one-tenth that of incarceration.' " *Moten v. State,* 559 S.W.2d 770, 772 (Tenn.1977) (citing *Mattino v. State,* 539 S.W.2d 824, 830 (Tenn.Crim.App.1976)). The imposition of sentences must accede to the reality that the state does not have available sufficient prison facilities to accommodate all persons who, according to traditional concepts of punishment, would be incarcerated.

Also, subsection (5) establishes a rebuttable presumption in favor of rehabilitation upon early convictions. *See also* T.C.A. § 40–35–303(b) (probation is to be automatically considered as a sentencing alternative for eligible defendants); *State v. Fletcher,* 805 S.W.2d 785, 787 (Tenn.Crim.App.1991).

As stated in *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974),

> The entire theory of probation is that it is in the public interest that those who violate society's rules of conduct should, in proper cases, be given an opportunity to rehabilitate themselves and to be restored to useful and productive citizenship. More and more our society is coming to realize that "warehousing" criminals on an indiscriminate basis is financially, socially and morally unacceptable.

*Id.* at 620.

Perhaps of even greater significance, at least for the purposes of the case before the Court, is the presumption established in subsection (6). When the stated minimal requirements are met, a defendant is presumed "in the absence of evidence to the contrary to possess capabilities for rehabilitative alternative sentencing options." Guidance as to what will constitute "evidence to the contrary" under subsection (6) is found in T.C.A. § 40–35–103(1). Sentences involving confinement should be based on considerations that "(c)onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct," "(c)onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or "(m)easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40–35–103(1)(A)–(C).

The sentencing procedure, therefore, begins with the determination of whether the requirements for eligibility to fall under the presumption of § 40–35–102(6) are met. If this determination is favorable to the defendant, the trial court must presume that he is subject to alternative sentencing. If the court is presented with evidence sufficient to overcome the presumption, then it may sentence the defendant to confinement according to the statutory provision. For instance, if the State presents evidence at the sentencing hearing that the defendant has a long history of criminal conduct, § 40–35–103(1)(A), the court then determines whether the evidence overcomes the presumption that the defendant should receive a sentence other than confinement.

■ The issue now is whether the appellant was sentenced according to the principles of the Sentencing Reform Act, which reflects the public policy of Tennessee. In conducting a *de novo* review of the sentences, this Court must consider the following, which are re-stated for emphasis: the evidence, if any, received at the trial and sentencing hearing, information contained in the pre-sentence report, the statutory principles of sentencing, counsel's arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, mitigating and statutory enhancement factors, any statement that the defendant made on his own behalf, and the potential for rehabilitation or treatment. *State v. Moss*, 727 S.W.2d at 229; *State v. Fletcher*, 805 S.W.2d at 786; T.C.A. §§ 40–35–102, –103, –210. The burden of showing that the sentence is improper is upon the appellant. Sentencing Commission Comments to T.C.A. § 40–35–401(d). However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.

As stated previously, the statute requires the trial court to begin its consideration with the presumption that appellant is subject to alternative sentencing since he meets the requirements of § 40–35–102(6) (Supp.1989), which are that he does not fall within the parameters of T.C.A. § 40–35–102(5) and he received a sentence of less than eight years. However, there is no indication in the record that the trial court presumed the appellant to be eligible for alternative sentencing. It appears the court initially imposed incarceration and then explained why a sentence less restrictive than confinement would not be imposed.

■ The court's basis for confinement was deterrence. The evidence cited was that it was a "*continuing course of behavior that is designed to put drugs on our*

streets" and that "it was an ongoing, almost professional in its operation." He stated, "I feel like I have no alternative,—there must be some deterrent out there for people who engage in the sale of drugs,—that have become such a problem not only in this county but in the nation as a whole." The Court of Criminal Appeals agreed that deterrence was a proper basis to deny a sentence less than confinement. Deterrence is certainly a principle to consider in sentencing, but both case law and the statute contemplate that that consideration should be qualified. As held in *State v. Michael,* 629 S.W.2d 13 (Tenn.1982), "An element of deterrence is present in every case but the degree of significance of this factor in restraining the offender or curbing the propensity for criminal activity in others, varies widely with the class of offense and the facts of each case." *Id.* at 14. Further,

> Reliance upon this factor would defeat the whole concept of [an alternative sentence].... [D]eterrence is a factor which is uniformly present. Thus, even if all factors gravitate in defendant's favor in a given case, [an alternative sentence] would be defeated by the fact that to suspend the sentence would destroy the conviction's deterrent value. Reliance on this factor is no more realistic or reasonable than denying probation on grounds that the defendant committed a crime.

*Moten v. State,* 559 S.W.2d at 773. Summarizing the 1989 Sentencing Reform Act's treatment of deterrence as a consideration in sentencing, the Court of Criminal Appeals has stated,

> If a defendant has a long history of criminal conduct, then personal deterrence by confinement may be necessary to protect society from that defendant. *See* T.C.A. §§ 40–35–102(3)(B) and (5), –103(1)(A). Likewise, if the offense or offenses are of such a serious nature that confinement is necessary to avoid depreciating that seriousness or if deterrence of others [likely to violate the criminal laws of this State] would be especially effective through confinement, then alternatives other than confinement may not be warranted.

*See* T.C.A. §§ 40–35–102(1), (3)(A) and (5), –103(1)(B).

*State v. Fletcher,* 805 S.W.2d at 787.

■ This Court finds the evidence in the record insufficient to support deterrence as the sole reason for denying appellant alternative sentencing. Considering the evidence received at the trial and sentencing hearing, the degree of deterrence to be accomplished through this appellant's confinement for the entire term is minimal. Appellant does not have a history of criminal conduct that would show that the public needs protection from his further criminal activity. The trial judge noted that drugs are a problem in this country today, but there is no showing that this elderly man has had any increasing effect on the problem. There is no evidence that those likely to violate the criminal laws will be deterred by the incarceration of appellant. The finding of deterrence cannot be conclusory only but must be supported by proof.

In addition, the trial court and Court of Criminal Appeals apparently did not consider appellant's potential for rehabilitation or treatment as required by the statute. *See* T.C.A. §§ 40–35–102(3)(C), (5), –103(1)(C). The defendant's prior conviction of a non-violent offense is not sufficient to disqualify him for rehabilitation. The pre-sentence report indicates that appellant has strong ties to his community and has a "good family life." He has no drug or psychiatric problems. The criminal conduct for which the appellant was convicted is non-violent. Other factors favoring probation are that appellant is of ill health and requires constant medical attention, more easily and cheaply obtained outside of prison, and there is no indication that he poses a threat to society. There is no finding of fact to rebut the presumption of rehabilitative capability.

Furthermore, this appellant falls far short of matching the profile of the criminal for whom incarceration is "first priority," as provided in T.C.A. § 40–35–102(5). That subsection emphasizes to the trial courts that because "state prison capacities and the funds to build and maintain them are limited," prison spaces "shall be given first priority" to those "convicted felons committing the most severe offenses, pos-

sessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation."

The record shows that appellant meets all of the minimum criteria of eligibility for punishment in the community, as set out in T.C.A. § 40–36–106(a). Such a sentence would help meet the statutory goal of reducing the prison population, T.C.A. § 40–35–102(5), and it would provide the least severe measure necessary to achieve the purposes for which the sentence is being imposed, T.C.A. § 40–35–103(4).

The following reasoning and conclusion stated in *Moten v. State* is appropriate to the Court's holding in this case:

> It is not the policy or purpose of this Court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers. However, ours is the task of affording a meaningful review; and where the effect of sustaining the denial of a probation would be to defeat the public policy of the state by placing it within the power of a trial judge to deny probation on a basis outside statutory criteria, and without valid reasons, we are left with no choice but to intervene and act in furtherance of the legislative intent embraced in the statutes relating to probation.

559 S.W.2d at 773.

The conviction is affirmed, the sentences are reversed, and the case is remanded to the trial court for entry of an order sentencing appellant pursuant to the Tennessee Community Corrections Act. The trial court may impose such terms and conditions that are consistent with the Community Corrections Act and the Tennessee Criminal Sentencing Reform Act. It is ordered that the defendant be released from custody pending his new sentencing hearing.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.