**STATE of Tennessee, Appellee,**

v.

**Billy F. MARSHALL, A/K/A "Bo" Marshall, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 1, 1994.

Permission to Appeal DENIED by Supreme Court Oct. 31, 1994.

Gregory D. Smith, Contract Appellate Defender, Clarksville, and Robert L. Marlow, Asst. Public Defender, Fayetteville, for appellant.

Charles W. Burson, Atty. Gen. and Eugene J. Honea, Asst. Atty. Gen. of Tennessee, Nashville, and Michael McCown, Dist. Atty. Gen., Fayetteville, for appellee.

### OPINION

TIPTON, Judge.

The defendant, Billy F. Marshall, a/k/a "Bo" Marshall, appeals as of right from the sentences imposed by the Lincoln County Circuit Court upon his convictions for two burglaries of business establishments, Class E felonies, and related Class A misdemeanors involving theft of property worth less than five hundred dollars, vandalism, and possession of burglary tools. For the burglaries, he received consecutive sentences of five and seven years in the custody of the Department of Correction, for an effective sentence of twelve years confinement as a Range II, multiple offender. He received a ten-month sentence for each misdemeanor with each one to be served concurrently with its related burglary, but consecutively to the other burglary.

Although he couches the issue on appeal in terms of the sentences being imposed in

violation of due process and equal protection, the essence of the defendant's contention is that the trial court improperly imposed sentences which it knew were not justified by the 1989 Sentencing Reform Act. In this respect, his brief does not address any concern about the misdemeanor sentences other than in his contention that all of his sentences should be run concurrently. Otherwise, he generally argues that he is entitled to an eight-year sentence for each burglary to be served concurrently. We disagree and affirm the judgments.

The defendant pled guilty to the May 26, 1993, burglary of the Fred's Place Lounge. Later, he was convicted in a jury trial for the May 26, 1993, burglary of the Ice Box Lounge. The cases were consolidated for the sentencing hearing.

The record reflects that the defendant, twenty-five years old at the time of the hearing, attributed his criminal acts to a serious cocaine addiction and requested that he get treatment along with any confinement. Before these offenses, the defendant had a history of burglary-related convictions, beginning with a finding of delinquency when he was seventeen years old and ending with a 1991 conviction for which he received three years in the Alabama Department of Correction. He was convicted in 1988 for escape while confined on a felony and in December, 1991, for sale of cocaine, for which he received an eight-year sentence.

Relative to sentencing enhancement factors in T.C.A. § 40–35–114, the trial court found that the defendant had a previous history of criminal convictions and behavior in addition to that used to establish his Range II status, factor (1), that he had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, factor (8), and that the offenses were committed while he was on parole, factor (13)(B). In mitigation, it found that the defendant's conduct neither caused nor threatened serious bodily injury. *See* T.C.A. § 40–35–113(1). Also, the trial court found that the defendant's history of criminal activity was so extensive as to qualify him for consecutive sentencing. *See* T.C.A. § 40–35–115(b)(2).

In considering the appropriate sentences to impose, the trial court looked to the considerations in T.C.A. § 40–35–103(1) relative to sentences involving confinement and concluded that measures less restrictive than confinement had been frequently and recently applied to the defendant, that he had an extensive record of criminal activity, and that confinement was necessary to protect society from him. It stated that in applying the mitigating and enhancing factors to each case, an eight-year sentence would be justified. However, the trial court also concluded that consecutive sentencing, for which the defendant qualified, which would result in a sixteen-year total was too great given the facts and circumstances of the present offenses. In other words, it was stating a belief that concurrent eight-year sentences were insufficient, but consecutive eight-year sentences were too much.

The trial court concluded that a sentence of five years was appropriate for the burglary of the Fred's Place Lounge, that seven years was appropriate for the burglary of the Ice Box Lounge and that the sentences should be served consecutively. It indicated that it was having to bend the sentencing laws to some extent in order to reach a just sentence.

The defendant contends that the trial court did not follow the 1989 Sentencing Reform Act and that its ignoring the Act violated his rights to due process and equal protection under the law. He alleges support by claiming that the trial court commented that the defendant deserved only an eight-year sentence. We believe that the defendant misunderstands what the trial court found and was doing. Indeed, we believe that the trial court's reasoning and sentencing were entirely appropriate under the principles and purposes of the 1989 Sentencing Reform Act and were justified by the facts.

For a felony conviction, the sentence to be imposed by the trial court is presumptively the minimum in the range unless there are enhancement factors present. T.C.A. § 40–35–210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors

and, then, reduce the sentence as appropriate for any mitigating factors. T.C.A. § 40–35–210(d) and (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Reform Act and its findings are adequately supported by the record. *See* T.C.A. § 40–35–210, Sentencing Commission Comments; *State v. Moss,* 727 S.W.2d 229, 237 (Tenn.1986).

This guided discretion is meant to allow the trial court to impose a sentence which, in its judgment, best fits the totality of the circumstances relating to the defendant and the case before it. *See Moss,* 727 S.W.2d at 238. In this respect, when confronted with multiple convictions by a defendant under facts and circumstances which could justify a greatly enhanced sentence for each offense when such offense is considered separately, but which also could justify or call for the imposition of consecutive sentences under T.C.A. § 40–35–115, the trial court necessarily has the authority to consider whether or not the effective, total sentence will meet the principles and purposes of the Act when assessing what weight applies to those factors which affect both the length of each sentence for the involved offenses and the consecutive sentencing decision.

An extensive history of criminal conduct, as exists in this case, can be used both to enhance a particular sentence and to require consecutive service of multiple sentences. *See, e.g., State v. Davis,* 825 S.W.2d 109, 113 (Tenn.Crim.App.1991). However, this does not mean that the trial court was limited to rote application of this enhancement factor in assessing its weight relative to a single conviction while ignoring how the application of both sentence enhancement and consecutive sentencing meets the principles and purposes of sentencing under the Act. If we were to interpret the Act as precluding a trial court from considering the fact that consecutive sentences are in order in its assessment of what weight to give a related enhancement factor, we would have to ignore the very goals the Act seeks to achieve.

Obviously, the record must support the actual sentences imposed and must contain the trial court's explicit findings and reasons that justify its decision. In this case, the trial court made detailed findings and gave a full explanation of the reasons why it was imposing the individual sentences, relative to its ultimate determination to require the sentences to be served consecutively. The facts and circumstances disclosed by the record in this case support the trial court's application of the enhancement and mitigating factors found to exist by the trial court, the imposition of the sentences for each offense, and the requirement that the sentences should be consecutive. The trial court did not bend our sentencing laws—it properly applied them in their entirety.

The judgments are affirmed.

SCOTT, P.J., and SUMMERS, J., concur.