# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION



**FILED**

**February 20, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 02C01-9701-CC-00049 |
| | ) |
| V. | ) Madison County |
| | ) |
| | ) Honorable Franklin Murchison, Judge |
| **MICHAEL D. HARVEY,** | ) |
| | ) (Sentencing) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

J. Colin Morris
Attorney at Law
204 West Baltimore
P.O. Box 1623
Jackson, TN 38302-1623

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Janis L. Turner
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Jerry Woodall
District Attorney General

Donald H. Allen
Assistant District Attorney General
State Office Building, Suite 201-A
P.O. Box 2825
Jackson, TN 38302

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael D. Harvey, pled guilty to two counts of aggravated burglary, theft of property over $1000, and theft of property under $500. In September 1996 the trial court sentenced the defendant as a Range I, standard offender, to six years for each count of the aggravated burglary, four years for the theft of property over $1000, and eleven months and twenty-nine days for the theft of property under $500. All of the appellant's sentences were to run concurrently.

The appellant presents the following issues for our review: first, whether his sentence was excessive and second, whether the trial court erred by ignoring the presumptions of minimum sentencing. We affirm.

The appellant's argues that the trial court erred in applying the maximum sentence for each of his felony cases. He contends that the trial court did not comply with Tennessee Code Annotated § 40-35-102(2) (Supp. 1996), which assures "fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and providing a fair sense of predictability of the criminal law and its sanctions." The appellant asserts that the trial court should have sentenced him to the minimum sentence on each conviction because he is a Range I, standard offender. Therefore, he maintains that he should have received the presumptive minimum sentence on each count of aggravated burglary, which would have been three years, and the presumptive minimum sentence for theft of property over $1000, which would have been two years. The appellant does not contest his sentence for the theft of property under $500.

The state argues that the trial court properly sentenced the appellant. It asserts that Tennessee Code Annotated § 40-35-210(d) (Supp. 1996) allows

the trial court to start with the minimum sentence and then enhance the sentence if there are enhancement factors. The state asserts that the trial court found several enhancing factors and no mitigating factors, and thus, the appellant's sentence for each conviction was at the top of the range. The state further notes "that the enhancing factors justified sentencing the defendant at the top of the range" in light of the fact that the trial court ordered the sentences to run concurrently, not consecutively.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5) (1990), 40-35-210(b) (Supp. 1996).

The trial court has the "authority to consider whether or not the effective, total sentence will meet the principles and purposes of the Sentencing Reform Act when assessing what weight applies to those factors which affect both the length of each sentence for the involved offenses and the consecutive sentencing decision." State v. Marshall, 888 S.W.2d 786, 788 (Tenn. Crim. App. 1994).

The trial court did not err in sentencing the appellant to the top of the range for each of his convictions. Based on the record before us, the trial court followed the principles of sentencing. The trial court based its decision on the appellant's extensive criminal history under Tennessee Code Annotated § 40-35-114(1) (Supp. 1996) and the appellant's unwillingness to comply with probation conditions while on probation in the past under Tennessee Code Annotated § 40-35-114(8) (Supp. 1996). The trial court also noted the seriousness of the crimes the appellant had committed as a juvenile. Finding no error mandating reversal, we affirm the trial court's judgment.

_____
PAUL G. SUMMERS, Judge

CONCUR:                                    -5-


_____
DAVID G. HAYES, Judge


_____
JOE G. RILEY, Judge