# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1998 SESSION



FILED

May 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9706-CR-00230 |
| Appellee, | ) |
| | ) Roane County |
| V. | ) |
| | ) Honorable E. Eugene Eblen, Judge |
| **JIMMY RAY BOLDEN, JR.,** | ) |
| | ) (Sentencing) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

Joe H. Walker
District Public Defender

Walter B. Johnson, II
Assistant District Public Defender
P.O. Box 334
Harriman, TN 37748

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Janis L. Turner
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

Charles E. Hawk
District Attorney General

Roger Delp
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED: _____


**AFFIRMED**


**PAUL G. SUMMERS,**
Judge


**O P I N I O N**

Appellant Jimmy Ray Bolden, Jr. was indicted for aggravated burglary and theft of property over $1000. He pled guilty to both charges. The trial court sentenced him as a Range II, multiple offender, to six years for the aggravated burglary conviction and to four years for the theft conviction in the Tennessee Department of Correction. The sentences were to run concurrently to one another but consecutively to the appellant's prior sentences which he was serving.

The appellant's sole issue on appeal is whether the trial court erred by sentencing the appellant to consecutive sentences. We affirm.

The facts of the case show that the appellant entered the home of Danny and Amanda Estes in Roane County without their consent with the intent to commit theft. He stole firearms and a videocassette recorder. He later pawned these items at the EZ Pawn Shop in Anderson County.

The appellant acknowledges that the trial court could, and did, find that the appellant was a career criminal under Tennessee Code Annotated § 40-35-115 (1997). However, the appellant contends that the trial court "must look to the overall length of the sentences given in the determination of consecutive or concurrent." The appellant further maintains that sentencing him "to another 6 years on top of the lengthy sentences already being served is excessive."

The state asserts that the trial court did not err in ordering consecutive sentences. It contends that the trial court followed the principles of sentencing and that although the appellant was a Range II, multiple offender, the trial court sentenced him not only to the minimum sentence for aggravated burglary and to theft of property valued over $1000 but also ordered that his sentences be served concurrently to one another. Furthermore, the state contends that under

Tennessee Code Annotated § 40-35-115 the trial court may order consecutive sentencing "if the defendant has an extensive criminal history and if the instant offense was committed while the defendant was on probation at the time of the commission of the offense." The appellant has numerous convictions in several counties, and he was on community corrections at the time the instant offenses occurred. Finally, the state argues that consecutive sentencing is necessary to protect the public from the appellant, especially in light of his lengthy criminal history. We note that his criminal history spans five pages in this record.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997).

The trial court has the "authority to consider whether or not the effective, total sentence will meet the principles and purposes of the Sentencing Reform Act when assessing what weight applies to those factors which affect both the length of each sentence for the involved offenses and the consecutive sentencing decision." State v. Marshall, 888 S.W.2d 786, 788 (Tenn. Crim. App.

1994).

We conclude that the trial court did not err in ordering consecutive sentencing. The appellant, who was only twenty-six years old at the time of sentencing, already had a lengthy history of criminal activity. Furthermore, because he was on community corrections at the time of the offenses in this case, he has shown the judicial system that he is not a rehabilitation candidate. To say that he is not amenable to correction is charitable. Frankly, the record shows that he is not even curious about behaving himself.

We affirm the trial court's judgment.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JERRY L. SMITH, Judge


_____
CURWOOD WITT, Judge