# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE, 1998 SESSION



FILED

August 28, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 01C01-9705-CC-00171 |
| | ) | |
| Appellee | ) | |
| | ) | Lincoln County |
| vs. | ) | |
| | ) | Honorable Charles Lee, Judge |
| **DREXELL T. RIDLEY** | ) | |
| | ) | (Forgery and Theft of Property valued at |
| Appellant. | ) | less than $500) |

FOR THE APPELLANT:

WILLIAM C. ROBERTS, JR.
At trial and on Appeal
404 James Robertson Parkway
Parkway Towers, Suite 2121
Nashville, TN 37219

JOHN G. OLIVA
On Appeal
601 Woodland St.
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
Criminal Justice Division
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

WILLIAM MICHAEL McCOWN
District Attorney General
215 E. College St.
P. O. Box 878
Fayetteville, TN 37334-0878

WEAKLEY E. BARNARD
Assistant District Attorney General
P.O. Box 904
Fayetteville, TN 37334

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

In this direct appeal, the defendant, Drexell T. Ridley,[1] challenges the sentences he received as result of his conviction in the Lincoln County Circuit Court for two counts of transfer of a forged instrument and one count of theft of property valued at less than $500.00. The trial court sentenced him to six years and four years in the custody of the Department of Correction as a Range III, persistent offender, for the two forgery convictions and to nine months in the county jail for theft. The jury imposed and the trial court approved fines of $750.00 on each conviction. The defendant must serve his sentences consecutively. In this appeal, the defendant complains that the trial court applied non-statutory factors in imposing consecutive sentences. We affirm the judgment of the trial court.

The state's proof at trial demonstrates that sometime between approximately 6:00 p.m. on Friday, November 18, 1994 and 11:00 a.m. on Saturday, November 19, 1994, the dental office of Dr. Mack Hamilton in Fayetteville, Tennessee, was burglarized and a checkbook was stolen. Later that Saturday afternoon, the defendant cashed two checks in Fayetteville grocery stores. Both checks bear the signature of Dr. Hamilton as payor, and the defendant is named as payee. The defendant presented his driver's license as identification at both stores and received $375.00 in cash from one store and $375.00 in cash and merchandise from the other. The grand jury returned two indictments charging the defendant with burglary, theft of property valued at less than $500, two counts of forging a writing, and two counts of transferring a forged instrument. The cases were consolidated for trial, and the jury acquitted the defendant of burglary but found him guilty on the other five counts. The trial court merged the two counts of forging a writing into the two counts of transferring a forged instrument and sentenced the defendant to an effective sentence of ten years, 9 months on the three remaining convictions. The

---

[1] The grand jury returned two indictments against the defendant. In #008-95, his name is given as "Drexell Ridley;" #036-95 names the defendant as "Drexell T. Ridley." Other documents in the record spell the defendant's first name as "Drexel." We have used the name given in #036-95, "Drexell T. Ridley," throughout this opinion.

2

defendant challenges neither the validity of his convictions nor the length of the individual sentences but contends that the trial court failed to make the findings required to impose consecutive sentences.

When an accused challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, counsels' arguments, the appellant's statements, the nature and character of the offense, and the appellant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997); State v. Ashby, 823 S.W.2d at 169. The defendant has the burden of demonstrating that the sentence is improper. Id. In the event the record fails to demonstrate the appropriate consideration by the trial court, appellate review of the sentence is purely de novo. Id. If our review reflects that the trial court properly considered all relevant factors and the record adequately supports its findings of fact, this court must affirm the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the sentencing range, the specific sentence, and the propriety of imposing a sentence involving an alternative to total confinement. The trial court must consider (1) any evidence presented at trial and the sentencing hearing, (2) the presentence report, (3) the sentencing principles. (4) the arguments of counsel, (5) any statements the defendant has made to the court, (6) the nature and characteristics of the offense, (7) any mitigating and enhancement factors, and (8) the defendant's amenability to rehabilitation. Tenn.

3

Code Ann. §§ 40-35-103(5), and 40-35-210(a), (b) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The trial court must begin with a presumptive minimum sentence. Tenn. Code Ann. § 40-35-210(c) (1997). The sentence may then be increased by any applicable enhancement factors and reduced in the light of any applicable mitigating factors. Tenn. Code Ann. § 40-35-210(d),(e) (1997). The trial court may, in its discretion, impose consecutive sentencing if it determines that one or more of the criteria found in Tennessee Code Annotated section 40-35-115[2] exist and if the consecutive sentences are in accord with the general purposes and principles of the Sentencing Reform Act of 1989. See Tenn. Code Ann. §§ 40-35-102, -103 (1997). Consecutive sentences, however, should not be routinely imposed even for the offender whose record of

---

[2]     (1)     The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;

(2)     The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

4

criminal activity is extensive. Tenn. Code Ann. § 40-35-115, Sentencing Comm'n Comments; State v. Taylor, 739 S.W.2d 227, 230 (Tenn. Crim. App. 1987). Lengthy consecutive sentences may be imposed when such confinement is necessary to protect the public from a defendant with a lengthy history of criminal conduct, Tenn. Code Ann. § 40-35-102(1) (1997), and if the sentence is justly deserved in relation to the seriousness of the offense. Tenn. Code Ann. § 40-35-102(1) (1997) ; see also State v. Wilkerson, 905 S.W.2d 933, 937-38 (Tenn. 1995) (court must find that consecutive sentences are reasonably related to the severity of the offenses committed and are necessary to protect the public from further criminal conduct).

In this instance, the trial court gave due consideration to the evidence, applied mitigating and enhancing factors, explained why confinement was necessary  and addressed the reasons for imposing consecutive sentences. Therefore we review the defendant's sentences with the presumption that the trial court's findings are correct.

At the conclusion of the sentencing hearing, the trial judge found that the defendant's record included at least five prior felony convictions and sentenced him as a Range III, persistent offender. See Tenn. Code Ann. § 40-35-107(a)(1) (1997). He also found three enhancement factors: (1) the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1) (1997); (2) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(8) (1997); and (3) the felony was committed while on parole from a prior felony conviction. Tenn. Code Ann. § 40-35-114(13)(B) (1997). As a mitigating factor, the trial judge found that the defendant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1) (1997).

5

The trial court held that confinement was necessary in this instance to restrain a defendant who has a long history of criminal conduct and that measures less restrictive than confinement have been frequently and recently applied unsuccessfully to this defendant. Tenn. Code Ann. § 40-35-103 (1)(A), (C) (1997). With respect to consecutive sentencing, the trial court found that criminal activity had been a major source of the defendant's livelihood and that the defendant was an offender whose record of criminal activity is extensive. See Tenn. Code Ann. § 40-35-115(a)(1), (2) (1997). Moreover, the trial court found that the aggregate sentence bore "a rational relationship to the provisions of the 1989 Sentencing Act."

The record before us overwhelmingly supports the trial court's findings. The defendant's record contains nine felony convictions including several for burglary. His juvenile record extends back to 1971 when he was thirteen years old. His parole has been revoked due to new arrests and convictions at least twice prior to these offenses. His employment record is spotty, and although the record indicates that he has made some effort to improve his job skills, he did not complete the programs in which he enrolled. The defendant argues that the trial court applied non-statutory enhancement factors and considerations in determining his sentence. Apparently, he is referring to the trial court's statement that the defendant had spent his life "living off the hard work of other people by stealing from them." This remark was made in reference to the trial court's determination that the defendant was a professional criminal who knowingly devoted his life to criminal acts as a major source of livelihood pursuant to Tennessee Code Annotated section 40-35-115(1). The record overwhelmingly supports this conclusion as well as the court's determination that the defendant is an offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-35-115(2). Moreover, the trial judge also found that lengthy confinement was necessary to protect the public from this defendant's criminal activity and that the overall sentence of ten years and nine months is rationally related to the principles and purposes of the Sentencing Reform Act.

Our <u>de novo</u> review of the record indicates that although the trial judge's findings did not always track the precise language of the statutes, he thoroughly and carefully considered the applicable principles and made the findings required by Tennessee law.[3]  Those findings are supported by the record.  The trial court did not err in ordering the defendant to serve his sentences consecutively.

We affirm the defendant's sentences as imposed by the trial court.

_____<br>
CURWOOD WITT, Judge

CONCUR:


_____<br>
JOE G. RILEY, Judge


_____<br>
R. LEE MOORE, Special Judge

---

[3]  We are unable to follow the defendant's argument concerning <u>State v. Marshall</u>, 888 S.W.2d 786 (Tenn. Crim. App. 1994), to which the trial court referred during sentencing.  The trial court appropriately relied on <u>Marshall</u> to explain the different sentences he was imposing in the two forgery convictions, not to justify consecutive sentencing.  <u>See</u> <u>Marshall</u>, 888 S.W.2d at 789.