IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 2000 SESSION

FILED

March 14, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No.  M1999-00272-CCA-R3-CD |
| | ) | |
| | ) | Hickman County |
| v. | ) | |
| | ) | Honorable Timothy L. Easter, Judge |
| | ) | |
| DARRELL BAKER, | ) | (Aggravated assault and vandalism) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

John H. Henderson
District Public Defender
Post Office Box 68
Franklin, TN 37065-0068

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
David H. Findley
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Ronald L. Davis
District Attorney General
Post Office Box 937
Franklin, TN 37065-0937

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Darrell Baker, appeals as of right from sentences imposed by the Hickman County Criminal Court. Upon his pleas of guilty, the defendant was sentenced as a Range I, standard offender to six-year terms for two aggravated assaults, Class C felonies, and a two-year term for vandalism causing damage over five hundred dollars, a Class E felony. The trial court ordered the aggravated assault sentences to be served consecutively for an effective sentence of twelve years in the Department of Correction. The defendant contends that the trial court erred by not imposing the minimum sentences available for the offenses and by imposing a consecutive sentence. We affirm the trial court.

The record in this case reflects that the defendant twice assaulted his former wife in her home in violation of a protection order, once with a shotgun, and damaged her cars and house. It also reflects a history of his violence or threat of violence against the victim and her teenage son. He has been convicted previously of two felonies and numerous misdemeanors. He violated probation by committing the offenses in the present case, and he has previously violated probation. The defendant has a history of drug and alcohol abuse, even after rehabilitation attempts. The defendant is qualified for Range II sentencing, although the plea agreement allowed him to be sentenced as a Range I offender.

The trial court based the length of the sentences upon its finding that the defendant had a lengthy record of convictions and criminal behavior, that the defendant had failed previous attempts at serving a sentence that included release into the community, and that the defendant committed the offenses while he was on probation. See Tenn. Code Ann. § 45-35-114(1), (8), (13). Relative to consecutive sentences, the trial court found that the defendant was an offender with an extensive criminal history; a

2

dangerous offender whose behavior indicated little regard for human life and who had no hesitation about committing a crime when the risk to human life was high; and an offender who committed the crimes while on probation. See Tenn. Code Ann. § 40-35-115(b)(2), (4), (6).

On appeal, the trial court's sentencing determinations, reached by considering the sentencing principles and all the relevant facts and circumstances, are presumed to be correct. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is now upon the defendant to show that the sentences are inappropriate. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comment; Ashby, 823 S.W.2d at 169.

The defendant contends that the length of his sentences is excessive, noting that enhancement factor (13) was improperly applied because he was only on misdemeanor probation when he committed the present offenses. He provides no other basis for a reduction of the sentences. Although we believe that enhancement factor (8) is not applicable, we conclude that the length of sentences imposed by the trial court remains appropriate.

As for the consecutive sentences, the defendant contends that the fact that all but two of his twenty misdemeanor and two felony convictions occurred over four years before the present offenses should mean that his record is not extensive. He also contends that the evidence at the sentencing hearing did not establish by a preponderance of the evidence that he is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. Finally, he questions the use of consecutive sentences based upon his being on probation at the time of the offenses, arguing that such sentences do not reasonably relate to the severity of his offenses and are not

3

necessary to protect the public against his further criminal conduct. We disagree with all his contentions.

An extensive record need not be based entirely upon recent convictions. See State v. James H. Crawford, No. 03C01-9802-CR-00082, Sullivan County, slip op. at 4 (Tenn. Crim. App. Feb. 4, 1999). Also, the record amply supports the trial court's finding that the defendant is a dangerous offender. The record reflects a history of violent conduct that became increasingly dangerous over time. The defendant's use of a deadly weapon in an assault against the victim, his often stated intent to kill the victim and her son, and his drug and alcohol abuse combine to show that the defendant continues to present the risk of life-threatening violence. In this respect, he remains a threat to the public and deserves the sentences he received.

In consideration of the foregoing and the record as a whole, the judgments of conviction are affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David H. Welles, Judge

_____
L. Terry Lafferty, Senior Judge

4