# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE v. JEFFERY BRIAN PARKS

**Direct Appeal from the Circuit Court for Lincoln County**
**No. S0300042     Charles Lee, Judge**

---

**No. M2003-02002-CCA-R3-CD - Filed August 30, 2004**

---

JOHN EVERETT WILLIAMS, J., dissenting in part.

I believe the sentencing in the instant case is controlled by State v. Marshall, 888 S.W.2d 786 (Tenn. Crim. App. 1994), and Rule 4(H)(2) of the Rules of the Supreme Court require it be followed. To the extent that the majority opinion holds this trial judge fashioned an improper sentence, I disagree. The two holdings in Marshall which apply to the instant cases are as follows:

> 1) When confronted with multiple convictions by defendant under facts and circumstances that could justify greatly enhanced sentence for each offense and such offense is considered separately, but which could also justify or call for imposition of consecutive sentences, trial court has authority to consider whether effective, total sentence will meet principles and purposes of Sentencing Reform Act when assessing what weight applies to those factors that affect both length of each sentence for involved offenses and consecutive sentencing decision.

> 2) Trial court properly applied 1989 Sentencing Reform Act in concluding that sentence of five years was appropriate for first burglary, that seven years was appropriate for second burglary, and that sentences should be served consecutively; trial court found that eight-year sentence would be justified for each count, that concurrent eight-year sentences were insufficient, and that consecutive eight-year sentences were too much.

The holdings in Marshall were directed to the same trial judge as the instant case. This defendant had multiple convictions under facts and circumstances that justify enhanced sentencing and justify consecutive sentencing. I conclude that the effective total sentence of six years meets the principles and purposes of the Sentencing Reform Act. This defendant was found to be a Range I, standard offender; therefore his range of punishment was for the six Class C felonies, three to six years, and for the two Class E felonies, one to two years. The trial judge was within his authority

to impose harsher punishments than the minimum on each offense.[1] It appears that consecutive sentencing was proper pursuant to Tennessee Code Annotated section 40-35-115(5). The State asks, upon de novo review, that we sentence the defendant to consecutive sentences. The majority opinion would require us to conduct a de novo review. I conclude, pursuant to Marshall, that the trial court is entitled to a presumption of correctness.

As earlier mentioned in this opinion, the range of punishment available to this defendant is from three to forty years. If the minimum sentences were imposed and all run consecutively, this defendant would receive twenty years. I am also guided by our Supreme Court's holdings in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), holding that "consecutive sentences should not routinely be imposed in sexual abuse cases or any other cases: aggregate maximum of consecutive terms must be reasonably related to severity of offenses involved." The general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offenses" and "be no greater than that deserved for the offense committed." State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). This defendant received a six-year sentence which is above the minimum sentences of three years but less than twenty years. I cannot second guess this trial judge in concluding that six years is not reasonably related to the severity of these offenses. I conclude the trial court did not abuse its discretion in sentencing. Even though my review of this record supports the six-year sentence imposed or one substantially higher, if my review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under the sentencing law, and the trial court's findings of fact are adequately supported by the record, then I may not modify the sentence even if I would have preferred a different result. See State v. Hopper, 29 S.W.3d 1, 5 (Tenn. 2000).

I join in the majority opinion in all other respects and agree the process outlined by the majority allows for better appellate review. However, I simply feel State v. Marshall is controlling.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1] The trial court could have sentenced this defendant between three and twenty years without any Blakely v. Washington issues involved . 542 U.S. ___, 124 S. Ct. 2531 (2004).