# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION



FILED

**February 5, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9703-CR-00089 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable James C. Beasley, Jr., Judge |
| **CARLTON SUGGS,** | ) |
| | ) (Aggravated Rape; Aggravated Burglary) |
| Appellant. | ) |

FOR THE APPELLANT:

A C Wharton
Shelby County Public Defender

Tony N. Brayton
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103

William Moore
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Terrell Harris
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

The appellant, Carlton Suggs, was found guilty by a jury of aggravated rape and aggravated burglary in the Shelby County Criminal Court. The court sentenced the appellant as a Range II offender to ten years and forty years imprisonment for the respective offenses, to be served consecutively. The trial court denied the appellant's motion for a new trial, and he appealed to this Court. He presents the following issues for our review.

> I. Whether the evidence is sufficient to support the aggravated rape conviction.
>
> II. Whether the trial court erred in excluding an out-of-court statement made by the appellant to his employer.
>
> III. Whether the trial court erred in imposing consecutive sentences.

Finding no prejudicial error, we affirm.

## BACKGROUND

The appellant's ex-wife is the victim in this case. The appellant and the victim were married sixteen years before divorcing in 1990. Reconciliation attempts failed. The appellant and victim had one child, a daughter, who was fourteen years old when her parents divorced. The victim testified that, in May of 1992, the appellant broke into her house and raped her. The appellant pled guilty to aggravated burglary and attempted rape and was sentenced to prison. He was released in January 1994.

The victim testified that on the morning of May 14, 1994, the appellant knocked on her door. The victim did not let the appellant inside the house. The victim called 911. The appellant asked to see his daughter and then began cursing the victim and accusing her of sending him to jail for no reason in 1992. The appellant broke into the house through a screen window and began raping

the victim.  The police arrived and officers saw through a window that the appellant was raping the victim.  The appellant dragged the victim to the window and told her to tell the police that she was all right, which she did.  The victim was crying.

The front door was locked so the police went around to the back door. The appellant threw the victim on the floor and raped her again.  The police ordered the appellant to come out of the house, but he refused.  Eventually, the victim convinced the appellant to let her leave the house by promising him that she would tell the police that nothing happened.  Soon thereafter, the appellant came out of the house, and the police arrested him.  The vaginal swabs in the victim's rape kit tested positive for sperm.  There was DNA analysis evidence from which the jury could have concluded that the appellant raped the victim.

The appellant testified that the victim let him in her house and then started an argument with him.  The appellant denied the rape.  He said that the victim fell and that he was trying to pick her up by her shoulders when the police arrived.

**SUFFICIENCY OF THE EVIDENCE**

As relevant here, the definition of aggravated rape is unlawful sexual penetration of a victim by the defendant accompanied by the following circumstance: the defendant causes bodily injury to the victim.  Tenn. Code Ann. § 39-13-502(a) (Supp. 1992).  The appellant argues that the evidence is insufficient to prove that the rape was "accompanied by" bodily injury.  When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Tenn. R.

App. P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

The appellant argues that the victim's injuries did not accompany the rape because any injury suffered by the victim was inflicted in an assault before the rape. The state argues that the statutory language "accompanied by" does not mean that the bodily injury must occur simultaneously with the act of sexual penetration. The state contends that the violence and the subsequent injuries to the victim were an integral part of the rape incident. We agree.

In Locke v. State, 771 S.W.2d 132 (Tenn. Crim. App. 1988), this Court addressed the meaning of "accompanied by" as used in the aggravated rape statute. In Locke, the defendant raped the victim and then went outside the victim's apartment. Id. at 133-34. The victim screamed at the defendant through the apartment window. Id. at 134. The defendant then went to the window and tried to open it. Id. The victim, thinking that the defendant was going to reenter the apartment, jumped from a ledge outside of her bedroom window and injured her back. Id. On appeal, the defendant argued that the victim's injuries did not accompany the rape. Id. at 136. This Court said that the phrase "accompanied by one of the following circumstances" as used in the aggravated rape statute does not mean that the requisite personal injury must be caused or inflicted for the purpose of making the victim submit to the unlawful

-4-

sexual penetration, or while the accused unlawfully sexually penetrates the victim. Id. The Court stated that "the phrase was intended to encompass acts committed in association with the unlawful sexual penetration, whether the acts occur before, during or after the actual sexual penetration unless otherwise limited by the Act." Id.

The record in the case contains evidence from which the jury could have found that the rape was "accompanied by" bodily injury. The victim testified that the appellant was inside her house for approximately thirty-five to forty minutes. The victim testified that the appellant entered the house, hit her with his fist, and knocked her to the ground. She testified that the appellant dragged her into the kitchen to hang up the phone. She testified that he beat her again, dragged her into the living room by her hair, knocked her to the floor, and raped her. When the police came, the appellant pulled the victim to the window, pulled her back into the living area, pushed her on the floor, and raped her again. Memphis police officer Glenda Holmes testified that she saw the appellant with his hand around the victim's neck and his forearm pushed up against it. The victim testified that the appellant choked her, pulled her hair, and threw her around the house. She testified as to scrapes on her face and neck, a sore throat, a sore back, and a swollen and sore jaw. The examining nurse found small abrasions on the victim's face and nose. All of her injuries occurred in association with the two rapes. Several of the victim's injuries were inflicted for the purpose of making her submit to unlawful sexual penetration. We note that the injuries suffered by the victim were bodily injuries as defined by Tennessee Code Annotated § 39-11-106(a)(2) (1991). See State v. McPherson, 882 S.W.2d 365, 369 (Tenn. Crim. App. 1994).

**ADMISSIBILITY OF THE APPELLANT'S OUT-OF-COURT STATEMENT**

The appellant next argues that the trial court erred in refusing to permit the appellant's employer, Joe Pogue, to testify about a statement made by the appellant on the morning of the offense. Mr. Pogue would have testified that the appellant said that his ex-wife called and wanted him to come to her house to see his daughter. The appellant testified that his ex-wife called him at work on the morning of the offense and asked him to come to her house to talk about their daughter. The victim denied that she called the appellant.

The state objected to Mr. Pogue's proffered testimony on the basis that the statement was hearsay. The appellant argued that the statement was offered to prove that the appellant made the statement to Mr. Pogue and not for the truth of the matter asserted. The trial court held that the appellant's statement to Mr. Pogue was inadmissible hearsay. The court, however, allowed Mr. Pogue to testify that he received a phone call from a female who asked to speak to the appellant, and, that shortly after the phone call, the appellant left work.

Hearsay is defined as a statement other than one made by the declarant while testifying at trial offered in evidence for the truth of the matter asserted. Tenn. R. Evid. 801. Citing State v. Brown, 836 S.W.2d 530 (Tenn. 1992), the appellant argues that the statement was offered to prove that the statement was made and not for its truth. In Brown, the defendant, Mack Brown, was charged with the murder of his young child. The child died from aspiration of his own vomit caused by cerebral edema. Id. at 534. On appeal, the defendant argued that the trial court erred in allowing the testimony of witnesses who said that the defendant and his wife had told them that the child sustained his injuries in a fall down stairs. Id. at 550-51. The Court said that the statements were relevant, not because of their specific content, but because their very existence indicated that an attempt was made to explain away the source of the child's injuries. Id. at 551. The Court further said that a statement introduced to prove only that it

was made, regardless of its truth or falsity, does not violate the rule against hearsay. Id.

In the case at bar, the court held that the appellant's statement was hearsay. The court found that the fact that the appellant made the statement was not relevant to any material issue at trial. The appellant did not identify in the trial court the material issue of fact to which the act of making the statement is relevant. Accordingly, we affirm the trial court's exclusion of the statement.

## CONSECUTIVE SENTENCING

Finally, the appellant argues that the trial court erred in imposing consecutive sentencing. The court sentenced the appellant as a Range II offender to ten years for aggravated burglary and forty years for aggravated rape to be served consecutively. Tennessee Code Annotated § 40-35-115(b) (1990) allows a court to impose consecutive sentencing if the evidence supports any one of several criteria set forth in that statute. The court imposed consecutive sentencing in this case by finding evidence of two criteria: (1) the appellant is an offender whose record of criminal activity is extensive, and (2) the appellant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. Tenn. Code Ann. § 40-35-115(b)(2) & (4).

When an appellant challenges the manner of service of a sentence, this Court reviews the evidence de novo with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). The presumption of correctness is conditioned upon an affirmative showing that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We find that the trial court considered the sentencing principles.

Our review consists of an analysis of the evidence at the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offenses, mitigating and enhancement factors, the defendant's statements, and the defendant's potential for rehabilitation or treatment. Tenn Code Ann. §§ 40-35-102 (Supp. 1994), -103 (1990), -210 (Supp. 1992).

The record reveals that the appellant was convicted of involuntary manslaughter in 1974; robbery in 1986; criminal trespass in 1991; attempted rape in 1993; and aggravated burglary in 1993. Most, if not all of these convictions, were based on guilty pleas. The victim in the present case was also the victim of the criminal trespass, the attempted rape, and the aggravated burglary.

Additionally, the appellant was convicted of driving under the influence in 1988 and again in 1989, and disorderly conduct in 1990. The appellant violated his probation in 1989.

The statute authorizing consecutive sentencing was taken in large part from Gray v. State, 538 S.W.2d 391 (Tenn. 1976). Persistent offenders, those previously convicted of two or more felonies or one felony and two misdemeanors, qualified for consecutive sentences. So did the multiple offender, whose record of criminal activity was deemed extensive. Id. at 391. The evidence supports the trial court's finding that the appellant's record of criminal activity is extensive. See generally State v. Marshall, 888 S.W.2d 786 (Tenn. Crim. App. 1994); State v. Chrisman, 885 S.W.2d 834 (Tenn. Crim. App. 1994).

The evidence supports the trial court's finding that consecutive sentences were necessary to protect the public from further criminal conduct by the

appellant. The appellant's record of criminal activity is extensive, he has repeatedly victimized his ex-wife, and he has no respect for authority. The appellant knew that the police were present, yet he continued to rape his ex-wife. Lastly, the trial court found that the extended sentence was reasonably related to the severity of the offenses committed. The appellant broke into his ex-wife's home and raped her twice. We find no error with the imposition of consecutive sentences in this case.

The appellant also argues that the trial court erred in finding that he is a dangerous offender. Tennessee Code Annotated § 40-35-115(b) (Supp. 1990) allows a court to impose consecutive sentencing if the evidence supports any one of several criteria set forth in that statute. The appellant's record of extensive criminal activity alone is a sufficient basis upon which to impose consecutive sentences in this case. Hence, the resolution of the dangerous offender status is not determinative to this appeal's outcome.

We do conclude that the appellant fits the bill of a dangerous offender. Given all factors of this appellant's background and these crimes, extended sentences are necessary to protect the public; and consecutive sentences reasonably relate to the severity of the offenses committed. See State v. Wilkerson, 905 S.W.2d 933, 937-38 (Tenn. 1995).

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge