# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION



FILED

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-01516-CCA-R3-CD |
| Appellee, | * | HARDEMAN COUNTY |
| VS. | * | Honorable Jon Kerry Blackwood, Judge |
| **MICHAEL ANTHONY TURNER, SR.** | * | (Forgery) |
| Appellant. | * | |

FOR THE APPELLANT:

C. MICHAEL ROBBINS
46 North Third Street, Suite 719
Memphis, TN 38103
(On Appeal)

GARY F. ANTRICAN
District Public Defender

RICKEY W. GRIGGS
Assistant Public Defender
P. O. Box 700
Somerville, TN 38068
(At Trial and On Appeal)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243

ELIZABETH T. RICE
District Attorney General

JAMES WALTER FREELAND, JR.
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**

Judge

# OPINION

## INTRODUCTION

The defendant, Michael Anthony Turner, Sr., appeals from his conviction of three counts of forgery entered pursuant to his guilty plea in a Hardeman County Court. The defendant was sentenced as a Career Offender to three concurrent six-year terms; these terms were ordered to run consecutive to another unrelated sentence for which the defendant was on parole at the time of the instant offenses. The defendant has filed a timely notice of appeal and a brief; further, in this brief, counsel for defendant, while arguing one issue, has cited Anders v. California, 366 U.S. 738 (1967). After reviewing the entire record before us, we conclude that this is not a true Anders case, but rather its citation is superfluous and misplaced. Therefore, we ignore its citation and choose to rule upon the merits of the defendant's appeal. Accordingly, we AFFIRM the judgment and sentence from the trial court.

## FACTS

The facts relevant to this appeal begin after the defendant entered a plea of guilty to three forgery charges[1]. After his plea, the court held a sentencing hearing on May 28, 1999. At the sentencing hearing, the events occurred that gave rise to this appeal.

---

[1] The guilty plea, as the defendant concedes, is facially valid in all respects.

The hearing begins with the state's explaining that the defendant was not served with the state's Career Offender notice until May 21, 1999 because the defendant had failed to appear for arraignment and a failure to appear warrant had to be issued. However, the defendant was served prior to his guilty plea but not the required ten days. That being the case, the ten day notice requirement imposed by Tenn. Code Ann. § 40-35-202(a) was violated. The defendant did not request a continuance, as is his absolute right, but rather, at the hearing, simply continued and presented argument. This argument followed the state's only proof, certified copies of the defendant's previous convictions. Rather than citing mitigating factors or any other evidence, counsel for the defendant argued that the state should be procedurally barred from now requesting that the defendant be classified a Career Offender. The court heard this argument and rejected it. Thereafter, it sentenced the defendant to three six-year concurrent terms as a Career Offender.

A timely notice of appeal was filed, and counsel submitted an appellate brief. This brief argues one substantive issue: the violation of the Career Offender notice requirement. However, it concludes by citing Anders. This appeal and this brief are now before this Court.

**ANALYSIS**

Before addressing the defendant's one substantive issue, this Court wishes to express its concern over the increasing number of so-called Anders filings. Our first, and preliminary, concern is that a number of these Anders filings were not accompanied with a separate motion to withdraw. Instead, counsel has either filed no such motion, as in this case, or simply in his brief asked this Court to grant his withdrawal. This is not proper Anders procedure. This Court requires that the motion to withdraw be filed separately and not in the appellate brief. See, e.g.,

<u>State v. Ingram</u>, 994 S.W.2d. 626 (Tenn. Crim. App. 1998). As a direct result of counsel's failure to file a separate motion to withdraw as required, processing of this case has been unduly delayed.[2] Therefore, we must insist that counsel file a separate motion to withdraw at the time of filing an <u>Anders</u> brief. If done, this Court will be appropriately notified of a request for relief and there will be no undue delay in the processing of the case.

Next, and this concern begins our resolution of the instant case, this Court detects some confusion over the applicability of <u>Anders</u>. <u>Anders</u> does not provide that counsel for a defendant file a motion to withdraw and an <u>Anders</u> brief whenever counsel feels, based upon review of the relevant case law, that the claim will not succeed. Instead, the scope of <u>Anders</u>' applicability is much more narrow. <u>Anders</u> applies when counsel, bound to argue for the defendant, has before him nothing but entirely "frivolous" arguments. A <u>frivolous argument</u> is one that is not only against the overwhelming weight of legal authority but also entirely without any basis in law or fact or without any logic supporting a change of law. For guidance's sake,

> (1) it is not frivolous to make a "good faith argument for an extension, modification or reversal of existing law;"
> (2) an action is not frivolous even though counsel believes that appellant's position ultimately will not prevail; and
> (3) counsel must resolve all doubts and ambiguous legal questions in favor of his client.

See <u>generally</u> Tenn. S.Ct. R. 8, EC-7-1, EC-7-2, EC -7-3, EC-7-4.

When counsel presents a non-meritorious argument, counsel is <u>not</u> in violation of any ethical duty; counsel is simply fulfilling ethical duties of effective and zealous representation. A <u>non-meritorious</u> argument, while against the weight of legal authority, nevertheless has some basis in either law or fact. Counsel, in fulfilling ethical duties, will often present arguments that will ultimately be found non-

---

[2] Under this Court's current docketing procedure, our first notice of an <u>Anders</u> filing when filed without a separate motion to withdraw is upon the assigned judge's first reading of the briefs. This comes much too late.

meritorious. We fully acknowledge that counsel may at the outset know that an argument does not stand a good chance of succeeding; however, counsel must argue. It is only in the very rare situation when counsel is left with no argument but merely frivolous ones that counsel may file a motion to withdraw and submit an Anders brief. Again, such Anders filings will be very rare.

In this case, counsel's cite to Anders is entirely superfluous. He has argued one issue and that issue is not frivolous. His citation to Anders is therefore not well-taken. As such, this Court chooses to ignore that citation and, reviewing the record, adjudicate the merits of his issue.

The defendant argues that the state violated its requirement to file ten day notice of career offender designation as required by Tenn. Code Ann. § 40-35-202(a). The state conceded that it did, in fact, fail to provide the ten days notice required by statute; nevertheless, it argues that once the sentencing hearing began and the defendant, then apprised of the state's intention to seek Career Offender designation, failed to request a continuance, the issue was waived. The defendant, principally by way of his argument before the sentencing court, asserts that a more appropriate remedy for the notice violation would be a procedural bar or waiver; that is, he argues that the state should be barred from thereafter seeking Career Offender designation. Accordingly, he notes that, all along, the state had in its control and access the defendant's prior convictions and records.

Versions of this argument were previously heard in State v. Stephenson, 752 S.W.2d 80 (Tenn. 1988), and State v. Adams, 788 S.W.2d 557 (Tenn. 1990). In both cases, the Court recognized an absolute right on behalf of the defendant to a continuance where, as here, the state had failed in its statutory notice duty. Absent the showing of prejudice to the defendant by reason of the untimely filing, or absent

a sentencing court's decision to strike the motion for Career Offender designation, a continuance is the defendant's exclusive remedy. <u>See</u> Stephenson, 752 S.W.2d at 81. Accordingly, failure to request a continuance amounts to waiver. <u>Id</u>. In this case, such waiver has occurred, and while this Court acknowledges the defendant's argument and its logic, we reject its conclusion. The issue is therefore <u>non-meritorious</u>.

**CONCLUSION**

Accordingly, we AFFIRM the judgment and sentence from the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
ALAN E. GLENN, Judge