IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## STATE OF TENNESSEE v. MATTHEW W. LEONARD AND BERNIE J. EVANS

**Appeal as of Right from the Criminal Court for Washington County**
**No. 24525     Lynn W. Brown, Judge**

---

**No. E1999-02724-CCA-R3-CD**
**September 14, 2000**

---

The appellants, Matthew W. Leonard and Bernie J. Evans, each pled guilty in the Criminal Court for Washington County to three counts of kidnapping, a class C felony, three counts of aggravated assault, a class C felony, one count of escape, a class E felony, and one count of theft over $10,000, a class C felony. The appellants requested that the trial court grant them full probation. After a probation hearing, the trial court denied the appellants' request. The appellants present the following issue for our review: whether the trial court erred in denying the appellants full probation. After a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, and JAMES CURWOOD WITT, JR., JJ., joined.

Jeffery C. Kelly, Johnson City, Tennessee, and Steve McEwen, Mountain City, Tennessee, for the appellant, Matthew W. Leonard.

D. Stephen Duncan, Johnson City, Tennessee, for the appellant, Bernie J. Evans.

Paul G. Summers, Attorney General and Reporter, R. Stephen Jobe, Assistant Attorney General, Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 5, 1999, the appellants, Matthew W. Leonard and Bernie J. Evans, each pled guilty to three counts of kidnapping, a class C felony, three counts of aggravated assault, a class C felony, one count of escape, a class E felony, and one count of theft over $10,000, a class C felony. The convictions resulted from offenses which took place on two separate occasions. The trial court sentenced the appellants to the following terms of incarceration in the Tennessee Department of Correction: six years for the kidnapping convictions, three years for the aggravated assault convictions, three years for the theft conviction, and one year for the escape conviction. The trial

court further ordered that the sentences be served concurrently with the exception of the one year sentence for escape, which was to be served consecutively to the other sentences.

The appellants asked the trial court to grant full probation. Subsequent to the guilty pleas, on April 12, 1999, the trial court held a probation hearing. The court, after a thorough analysis of the sentencing principles and guidelines, found that there were enhancement factors but no mitigating factors and denied the appellants' request for probation. The sole issue on appeal is whether the trial court erred in denying the appellants full probation.

### I. Factual Background

The convictions for kidnapping and aggravated assault arose as a result of offenses committed on March 23, 1998. The appellants, Leonard and Evans, aged 16 and 15, respectively, were in Johnson City, attempting to sell a gun in order to obtain money to run away. Jason Buck and Ann Whaley saw the appellants and offered them a ride in Buck's car. Buck and Whaley asked the appellants if they knew where they could obtain marijuana. After driving around in an unsuccessful attempt to locate the marijuana, appellant Leonard pulled out a gun and demanded that Buck and Whaley drive the appellants to Florida. Additionally, Evans took a butterfly knife, blade out, and "showed" it to Buck and Whaley. Whaley remarked that they would need more money and a larger car to go to Florida, and Buck requested that he be allowed to pick up his pregnant girlfriend, Misty Zdonowicz, and take her along. Zdonowicz was with Amanda Foss, who did not want to go with the group. Buck asked the appellants to allow him to take Foss home. The appellants consented and Buck and Foss left to drive Foss home. Foss then called the police and notified them of the incident.

After their arrest on the kidnapping and aggravated assault charges, the appellants were incarcerated in the Upper East Tennessee Regional Juvenile Detention Center. On April 20, 1998, the appellants locked two guards in a holding cell and escaped from the detention center. To facilitate their escape, the appellants stole a detention center van valued at more than $10,000. The appellants were subsequently captured in Florida and returned to Tennessee.

### II. Analysis

The sole issue of this appeal is whether the trial court erred in denying the appellants full probation. The appellants request that this court conduct a de novo review of the trial court's denial of probation. However, the appellants failed to include the transcript of the guilty plea hearings in the record for our review. The appellant has the obligation of preparing a record for appellate review which conveys a fair, accurate and complete account of the proceedings pertaining to the issues which form the basis of his appeal. Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn.1983). Accordingly, this issue could be treated as waived. Nevertheless, because the information contained in the transcript of the probation hearing is sufficient, we will address this issue.

Upon a challenge to the length, range, or manner of service of a sentence, this court will review the trial court's conclusions de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d)(1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption

of correctness is predicated on a showing that the trial court adequately considered sentencing principles and all relevant facts and circumstances when making its sentencing decisions. Id. Moreover, the burden is on the appellant to demonstrate the impropriety of his sentence(s). Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. The record reflects that, in denying the appellants' requests for probation, the trial court engaged in a thorough and correct analysis of the relevant principles of sentencing. Therefore, we accord the trial court's determination with a presumption of correctness. Hurst, 1999 WL 1037934, at *3.

Our de novo review takes the following factors into consideration: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also Ashby, 823 S.W.2d at 168. Moreover, this court should also consider the circumstances of the offense, the appellant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the appellant and the public when reviewing an appellant's application for probation. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

If an appellant is an especially mitigated or standard offender, convicted of a class C, D, or E felony, that appellant is presumed to be a favorable candidate for alternative sentencing, unless there is evidence to the contrary. Tenn. Code Ann. § 40-35-102(5)-(6)(1997); see also State v. Jaco, No. 01C01-9802-CC-00091, 1998 WL 917805, at *3 (Tenn. Crim. App. at Nashville, December 21, 1998) perm. to app. denied (Tenn. 1999). This court has previously noted that the following guidelines may be used to determine what constitutes "evidence to the contrary":
> (A) confinement is necessary to protect society by restraining an appellant who has a long history of criminal conduct;
> (B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or,
> (C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C)(1997), State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995). Moreover, an appellant's potential or lack of potential for rehabilitation should be considered when contemplating an alternative sentence. Hurst, 1999 WL 1037934, at *3. The appellants were sentenced as standard offenders with the highest grade of offense being a C felony. Therefore, the appellants are presumed to be favorable candidates for alternative sentencing.

Because of the differing burdens of proof, determining whether an appellant is entitled to alternative sentencing requires a different analysis from determining whether an appellant is entitled to full probation. Bingham, 910 S.W.2d at 455. Whereas, with alternative sentencing, an appellant is entitled to a statutory presumption of alternative sentencing with the State bearing the burden of overcoming that presumption, an appellant seeking full probation bears the burden of

establishing his suitability for full probation, even if he is entitled to the statutory presumption of alternative sentencing. Id. The appellant must establish that probation will "subserve the ends of justice and the best interest of both the public and the [appellant]." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990).

### A. Kidnapping and Aggravated Assault

The trial court examined the backgrounds of the appellants in considering probation for the kidnapping and aggravated assault convictions. Specifically, the trial court found that appellant Evans had previously escaped from a juvenile institution, for which he was adjudicated delinquent. See State v. Elliott, No. 02C01-9408-CR-00154, 1994 WL 697980, at *1 (Tenn. Crim. App. at Jackson, December 14, 1994)(finding that a defendant's history of adjudications of delinquency and failure at rehabilitation warranted denial of alternative sentencing). Evans had been placed on juvenile probation on several occasions, and he had repeatedly violated the terms of his probation. The trial court found that this history demonstrated Evans' unwillingness to comply with conditions of sentencing involving release in the community. Tenn. Code Ann. § 40-35-114(8)(1997). Moreover, the trial court determined that Evans committed the theft of the detention center vehicle while on escape status, demonstrating his lack of potential for rehabilitation. Tenn. Code Ann. § 40-35-114(14); cf. State v. McElroy, No.03C01-9404-CR-00133, 1995 WL 66630, at *3 (Tenn. Crim. App. at Knoxville, February 16, 1995)(finding that a trial court may consider a criminal offense committed prior to sentencing as an enhancement factor).

The trial court announced that, although appellant Leonard did not possess a criminal record as extensive as that of Evans, Leonard also had a history of unwillingness to comply with the terms of release into the community. Leonard had previously been placed on probation as a juvenile and had violated the terms of that probation. See State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996)(stating that courts may consider the failure of probation following juvenile adjudications of unruliness and truancy in denying an alternative sentence). The court further noted that Leonard had also participated in the theft of the detention center vehicle when he was on escape status. Tenn. Code Ann. § 40-35-114(14); cf. State v. Cardwell, No. 03C01-9804-CC-00137, 1999 WL 356068, at *3 (Tenn. Crim. App. at Knoxville, May 11, 1999)(asserting that a defendant who was arrested twice while on bond for the instant offenses had poor potential for rehabilitation).

### B. Escape and Theft

The trial court also analyzed the appellants' eligibility for alternative sentencing for their escape and theft convictions. The escape from the detention center and the theft of the detention center vehicle occurred approximately one month after the felonies for which they were incarcerated at the time of the escape. The trial court noted that at the time of the escape and theft, the appellants each had six prior felony convictions, three for kidnapping and three for aggravated assault, demonstrating their "previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1). The trial court found that the extensive criminal histories of the appellants at the time of the escape and theft, as well as the factors found in conjunction with the earlier offenses, weighed heavily against granting the appellants probation for the escape and theft convictions.

C. Mitigating Factors

Furthermore, the trial court found that no mitigating factors applied to the appellants. The appellants argue that the trial court should have found that the appellants, who were fifteen and sixteen years old at the time of the offenses, "because of youth or old age, lacked substantial judgment in committing the offense." Tenn. Code Ann. § 40-35-113(6)(1997). This court has stated that in determining the application of this mitigating factor, the trial court should consider "the [appellant's] age, education, maturity, experience, mental capacity or development, and any other pertinent circumstances tending to demonstrate the [appellant's] ability or inability to appreciate the nature of his conduct." State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993).

The trial court examined the age of the appellants and determined that the proof did not show that the appellants lacked substantial judgment because of their youth. The trial court observed that the appellants seemed "highly intelligent" with no "defect[s] in judgment." State v. Turner, No. M1998-00115-CCA-R3-CD, 2000 WL 246436, at *7 (Tenn. Crim. App. at Nashville, March 6, 2000)(stating that mitigation factor (6) was inapplicable to fifteen-year old defendant). The trial court was in the best position to observe attitudes and intelligence of the appellants. See State v. Lewis, No. 01C01-9404-CC-00125, 1995 WL 115853, at *4 (Tenn. Crim. App. at Nashville, March 14, 1995).

The appellants also argued, as a mitigating factor, that the facts and circumstances of the offense were extremely unusual. However, the trial court found that, in this case, unusual circumstances did not mitigate the appellants' offenses. Furthermore, the appellants claimed that they had potential for rehabilitation, demonstrated by the fact that they had each completed an AIDS education course and obtained a GED while incarcerated. The trial court examined these facts and concluded that the appellants' history of criminal behavior and probation violations were stronger indications of the appellants' potential for rehabilitation than their behavior while incarcerated. Based upon the record before us, we are unable to disagree with the trial court's conclusions.

**III. Conclusion**

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-5-