IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2006

## STATE OF TENNESSEE v. ANTHONY DEWAYNE ALSTON

**Appeal from the Circuit Court for Tipton County**
**No. 5174    Joseph H. Walker, III, Judge**

_____

### No. W2006-00542-CCA-R3-CD  - Filed November 29, 2006

_____

The appellant, Anthony Alston, was indicted with possession of more than .5 grams of cocaine with the intent to deliver and felony possession of cocaine. The appellant pled guilty to the charges, but agreed to allow the trial court to determine the length and manner of service of the sentence. After a sentencing hearing, the trial court merged the two convictions and imposed a sentence of nine years for possession with intent to deliver more than .5 grams of cocaine. Further, the trial court ordered the nine-year sentence to run consecutively to a sentence for which the appellant was on Community Corrections at the time of the current offense. The appellant appeals, arguing that the trial court improperly enhanced his sentence. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Periann Houghton, Assistant Public Defender, Covington, Tennessee, for the appellant, Anthony Dewayne Alston.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Elizabeth Rice, District Attorney General and Walt Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 7, 2005, the Tipton County Grand Jury returned a multi-count indictment against the appellant, charging him with possession of more than .5 grams of cocaine with the intent to deliver and felony possession of cocaine. On December 2, 2005, the appellant pled guilty to the

charges and agreed to allow the trial court to determine the length and manner of service of the sentence at a sentencing hearing.

According to the presentence report, the facts underlying the offense were relayed in an affidavit of complaint that was executed by Deputy Brandon Williams of the Tipton County Sheriff's Department. In the complaint, Officer Williams alleged that:

> On 3-2-05 at approx. 1809 hrs. I stopped a blue Kia bearing tag RDU083 on Hatchie St. @ Simonton St. for the driver not wearing his seatbelt. Upon contact with the vehicle the driver was identified as Christopher Williams. While speaking with Williams I smelled the odor of burnt marijuana coming from the vehicle. Williams advised me that the passenger, Anthony Alston and him just smoked a marijuana cigarette. Williams gave consent to search the vehicle. As Alston was exiting the vehicle I observed him drop a (5) five dollar bill. As I picked the bill up I observed a white powder substance inside the bill. Alston advised that it was cocaine and he claimed possession of the substance. Alston was arrested and transported to jail. Prior to transport I asked Alston if he had anymore [sic] narcotics on his person [H]e advised no. Upon arrival at the jail officer D. Keeton striped [sic] searched Alston and revealed a bag of white rocky substance believed to be rock cocaine in his rectum.

At the sentencing hearing, the appellant testified that he was incarcerated after he was arrested for the current charges and was also serving the remainder of a four-year sentence from another case. The appellant stated that he was eligible for parole on the other case in 2007. The appellant admitted that a majority of his prior convictions were drug related. The appellant also admitted to the court that he has a drug habit.

The appellant corroborated the facts as relayed in the affidavit, testifying that he and Christopher Williams were smoking marijuana when they were pulled over by the police. Further, the appellant admitted that when he stepped out of the car he dropped a five dollar bill with cocaine on it. The appellant told the court that he planned on sniffing or snorting the cocaine and that he had been addicted to drugs since he was thirteen or fourteen years old. The appellant informed the trial court that he was in a drug program in jail. The appellant also informed the trial court that he had over one gram of cocaine stuffed in his rectum when he was arrested in order to hide the cocaine from the police.

At the conclusion of the sentencing hearing, the trial court determined that enhancement factors (1) and (13) applied. See Tenn. Code Ann. § 40-35-114. The trial court also determined that the appellant's sentence should be mitigated because the appellant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). As a result, the trial court merged the appellant's two convictions into a single conviction for possession of more than .5 grams

of cocaine with the intent to deliver and sentenced the appellant to nine years in incarceration. The appellant ordered the sentence to be served consecutively to the sentence he was already serving.

The appellant filed a timely notice of appeal in order to challenge his sentence.

## Analysis

The appellant challenges his sentence on appeal. Specifically, the appellant argues that "the court placed too much weight on the enhancements and not enough on the mitigation" and that there were mitigation factors, such as age, that the trial court gave no weight in making a sentencing determination. The State counters that the trial court properly sentenced the appellant.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169. In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statements the defendant wishes to make in the defendant's behalf about sentencing. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). In balancing these concerns, a trial court should place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing. Tenn. Code Ann. § 40-35-210(e).[1]

---

[1]We note that the Tennessee Supreme Court has determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury or admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with the holdings of Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), or United States v. FanFan, the case consolidated with Booker, because "the Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in (continued...)

No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.

Turning more specifically to the facts of this case, the appellant was convicted of possession of more than .5 grams of cocaine with the intent to deliver, a Class B felony. Tenn. Code Ann. § 39-17-417. For felonies, the starting point for sentencing determinations is the minimum of the range. See Tenn. Code Ann. § 40-35-210(c).[2] The appellant is a Range I standard offender; thus, for possession of cocaine with the intent to deliver, eight years is the minimum sentence and twelve years the maximum sentence against which the trial court was to balance any mitigating and enhancement factors must be considered. Tenn. Code Ann. § 40-35-112(a)(2).

The trial court made the following findings at the sentencing hearing:

> The Court recalls the testimony when the defendant entered a plea of guilty to the B felony of possession of a Schedule II controlled substance with intent to deliver five-tenths grams or more, reviewed the pre-sentence report, finds that the defendant should be sentenced as a standard offender.

> Under T.C.A. 40-35-114, the Court finds enhancing factor number one applies; that is, the defendant has a previous history of criminal convictions or criminal behavior in addition to what's necessary to establish the appropriate range; and that factor number thirteen applies, at the time the felony was committed the defendant was on the classification of community corrections.

> The Court finds that under T.C.A. 40-35-113 that mitigating factor number one applies; that is, that it neither caused nor threatened serious bodily injury.

> The Court finds it is a proper case to sentence defendant to an enhanced sentence of nine years as a standard offender. The Court further finds that under T.C.A. 40-28-123 that while a person convicted of a felony while released on a program where he enjoys the privilege of supervised release into the community that

[1](...continued)
exercising their discretion to select an appropriate sentence within the range set by the Legislature." State v. Gomez, 163 S.W.3d 632, 661 (Tenn. 2005). Effective July 1, 2005, prior to the appellant's sentencing hearing herein, the Tennessee General Assembly amended the sentencing act to reflect the advisory nature of enhancement factors.

[2]The Tennessee General Assembly amended this statute effective July 1, 2005, to reflect that the presumptive sentence is the minimum sentence in the range, regardless of the class of the felony. Because the appellant in the case herein was sentenced after July 1, 2005, the amended statute applies.

it is a consecutive sentence to the sentence he was serving; therefore, the Court sentences the defendant consecutively to Docket No. 4707.

The defendant having been tried on release status without success, he's indicated he's in a drug treatment program under his current placement, the Court finds that it would not be a proper case in which to suspend or place him back on alternative sentencing.

Thus, the trial court determined that enhancement factors (1) and (13) applied to the appellant. Tenn. Code Ann. § 40-35-114(1), -114(13). Further, the trial court determined that mitigating factor (1) applied to the appellant. Tenn. Code Ann. § 40-35-113(1). After a review of the record, we determine that the proof supports the trial court's application of the preceding enhancement factors. The appellant did not dispute his prior criminal record; in fact, the appellant admitted that the majority of his prior convictions stemmed from illegal drug use and activity. Further, the appellant admitted that he was on Community Corrections at the time he committed the offense herein and that, as a result, he was currently serving the remainder of a four-year sentence. The appellant argues that his age should have been considered as a mitigating factor. At the time of the offenses, the appellant was twenty-five years old and had previous convictions for escape, possession of cocaine, casual exchange, possession of more than .5 grams of cocaine, tampering with evidence, two convictions for possession of marijuana, simple assault, and disorderly conduct. This Court has previously upheld a trial court's refusal to apply age as a mitigation factor where a defendant was well-acquainted with the criminal justice system and the consequences of disobeying the law. See State v. Turner, 41 S.W.3d 663, 673-74 (Tenn. Crim. App. 2000). The appellant also argues that the trial court should have considered his drug addiction as a justification for his conduct, but he fails to show how this factor applies to his case. There is no proof in the record that the appellant previously sought treatment for his addiction. Further, the voluntary use of intoxicants cannot be considered a mitigating factor. Tenn. Code Ann. § 40-35-113(8). The trial court instead chose to mitigate because the appellant's actions neither caused nor threatened serious bodily injury. However, "the weight afforded mitigating or enhancement factors derives from balancing relative degrees of culpability within the totality of the circumstances . . . . In other words, the weight that is given to any existing factors is left to the trial court's discretion so long as . . . its findings are supported by the record." State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App. 1993). The trial court's sentencing determination is supported by the record. This issue is without merit.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

JERRY L. SMITH, JUDGE