IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

**STATE OF TENNESSEE v. MARQUETTE HOUSTON**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-08488     James C. Beasley, Jr., Judge**

_____

**No. W2008-00885-CCA-R3-CD   -   Filed July 30, 2009**

_____

The defendant, Marquette Houston, was convicted of second degree murder and was sentenced as a Range I, violent offender to twenty-five years in the Tennessee Department of Correction. On direct appeal, this court affirmed the defendant's conviction, but remanded the case for resentencing under the 1989 Sentencing Act with consideration of the constitutional restrictions on enhancing the defendant's sentence above the presumptive minimum. On remand, the trial court again sentenced the defendant to twenty-five years in the Tennessee Department of Correction. On appeal, the defendant argues that the trial court erred in imposing an excessive sentence. After a thorough review of the record and the parties' briefs, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Alan E. Glenn, JJ., joined.

Phyllis Aluko (on appeal) and Michael Johnson (at trial), Assistant Public Defenders, Memphis, Tennessee, for the appellant, Marquette Houston.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Charles Bell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

We discern the relevant factual history from our opinion on direct appeal. *State v. Marquette Houston,* No. W2006-00095-CCA-R3-CD, 2007 WL 1890650 (Tenn. Crim. App., at Jackson, June 29, 2007), *perm. app. denied* (Tenn. Nov. 19, 2007). The evidence presented at defendant's trial established that for several years, Bernard "Chuck" Barnes and Albert "Mac Al" Thomas had been engaged in a dispute over payment for work done by Mr. Barnes to Mr. Thomas' automobile motor. *Id.* at *1. According to Mr. Thomas' trial testimony, he and the defendant were friends and he had told the defendant about his disagreement with Mr. Barnes. *Id.* at *4. Mr. Thomas testified that the defendant said he "was going to get up" with Mr. Barnes, which Mr. Thomas explained could mean

"you [were] going to fight him, jump on him. . . shoot him, whatever." *Id.* On April 28, 2003, Mr. Barnes and Mr. Thomas stopped their vehicles on Hollywood Street near Vollintine Street. *Id.* at *1-2. Seconds later, a truck driven by the defendant came "zooming" down Hollywood and up a hill onto Vollintine Street. *Id.* at *2. When the defendant reached the top of the hill, he stopped the truck and began shooting at Mr. Barnes with a .40 caliber handgun. *Id.* Mr. Barnes returned fire with a .9mm handgun. *Id.* Claude Franklin was mowing the front lawn of his residence near Hollywood Street and was fatally wounded in the chest. *Id.* at *1. An autopsy report revealed that Mr. Franklin died of internal bleeding caused by a gunshot wound to the chest. *Id.* A .40 caliber bullet was recovered from Mr. Franklin's body. *Id.* On direct appeal, this court affirmed the defendant's conviction of second degree murder, vacated the sentence imposed by the trial court, and remanded the case for resentencing under the sentencing scheme in place prior to the 2005 amendments. *Id.* at *13.

On March 25, 2008, the trial court conducted a resentencing hearing. The defendant testified that he was imprisoned at the Hardeman County Correctional Facility. He stated that since his incarceration, he had obtained an anger management certificate and had enrolled in a program to earn his GED certification. The defendant admitted that prior to his incarceration, he had been involved in using and selling drugs. Regarding the killing, he stated that he made a mistake and claimed, "I was young and I was misled at the time . . . selling drugs, doing what I was doing in [the] street[.]" The defendant asserted that he had no father figure and his mother could not work. He admitted that he used a gun in commission of the offense and claimed that the incident happened because he was standing up for his "supposed to be friend." The defendant stated that he "hated it even happen." He claimed that he was not aware the victim was present when he fired his gun. According to the defendant, "It hurts because . . . I still feel like I didn't shoot that person." The presentence report revealed that the defendant had one prior conviction for vandalism and two prior convictions for assault and battery. The trial court again sentenced the defendant as a Range I, violent offender to the maximum sentence for a Class A felony, twenty-five years. The defendant has appealed.

**ANALYSIS**

The defendant asserts that his sentence is excessive. Specifically, the defendant argues that the trial court failed to appropriately apply mitigating factors to reduce his sentence as required by Tennessee Code Annotated section 40-35-210(e).

When an accused challenges the length and manner of service of a sentence, this court conducts a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401. This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely *de novo* without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with our sentencing statutes, and (2) the trial court's findings are adequately supported by the record. *See State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001); *see also* Tenn. Code Ann. § 40-35-210(f).

A case-by-case approach underlies the sentencing law and "'[a]ny case-by-case approach will embody discretion, since all of the appropriate factors and circumstances must be weighed and considered as a whole for the disposition of each case.'" *Ashby*, 823 S.W.2d at 168 (quoting *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; *Ashby*, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous in light of the 1989 Sentencing Act prior to the 2005 amendments.

In *Blakely v. Washington*, the United States Supreme Court held that a trial judge may impose a sentence that exceeds the presumptive sentence based only on the fact of a defendant's prior conviction(s) or on other enhancement factors found by the jury or admitted by a defendant. *Blakely*, 542 U.S. 296, 301-04 (2004). Thereafter, the United States Supreme Court released its decision in *Cunningham v. California*, holding that California's sentencing scheme did not survive Sixth Amendment scrutiny under *Blakely*. *Cunningham*, 549 U.S. 270 (2007). In short, the *Blakey-Cunningham* regime instructs that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301(quoting *Apprendi v. New Jersey*, 530 U.S. 466 at 490(2000)).

Effective June 7, 2005, the Tennessee General Assembly, in response to the United States Supreme Court case of *Blakely v. Washington*, amended Tennessee Code Annotated sections 40-35-102, -210, and -401 to reflect the advisory nature of enhancement factors. *See* 2005 Tenn. Pub. Acts ch. 353, §§ 1, 6, 8. The General Assembly also provided that a defendant who is sentenced after June 7, 2005, for offenses committed on or after July 1, 1982, may elect to be sentenced under the amended provisions of the Act by executing a waiver of ex post facto protections. *Id.* In the instant case, the defendant committed the offenses prior to the effective date of the amended provisions of the Sentencing Act and chose to be sentenced under the sentencing statutes in effect at the time the offense was committed. Thus, the 2005 amendments to the Sentencing Act do not apply to the defendant.

Prior to the 2005 amendments, the 1989 Sentencing Act stated, "[t]he presumptive sentence for a Class A felony shall be the midpoint of the range if there are no enhancement or mitigating factors." Tenn. Code Ann. § 40-35-210(c) (2003). Additionally, the prior statute required, "[s]hould there be enhancement and mitigating factors for a Class A felony, the court must start at the midpoint of the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors." *Id.* § 40-35-210(e). The previous act also mandated "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing what enhancement or mitigating factors it found[.]" Id. § 40-35-210(f).

This court instructed that upon remand, the trial court should adhere to the constitutional restrictions upon enhancing the defendant's sentence above the presumptive minimum. *Marquette Houston,* 2007 WL 1890650, at *13. The defendant asserts that the trial court failed to employ the proper procedure in considering applicable enhancement and mitigating factors. We disagree. At

the sentencing hearing, the trial court acknowledged the proper procedure in applying enhancement and mitigating factors under the 1989 Sentencing Act prior to the 2005 amendments, stating:

> As far as the presumptive starting point under the law this is a Class A felony. The presumptive starting point for a Class A felony is twenty years. The law requires that the Court enhance the punishment, and then mitigate . . . [by] whatever weight the Court wants to give it that would bring the sentence back down.

*See* Tenn. Code Ann. § 40-35-210(e). We now review the trial court's application of this procedure.

The record reflects that the court gave considerable weight to enhancement factors (1), the defendant's "previous history of criminal convictions or criminal behavior," and (9), the defendant's use of a firearm during the commission of the offense. *See id.* at § 40-35-114(1) and (9). According to the presentence report, the defendant had one prior vandalism conviction and two prior assault and battery convictions. At the sentencing hearing, the defendant admitted to selling and using drugs and confirmed that he fired a gun several times on a public street and killed an innocent bystander. In sentencing the defendant, the trial court stated, "this Court is going to put a great deal of emphasis on the fact that [the defendant] had a gun, . . . and used it in such a manner to cause the death of an innocent bystander." The court found the defendant's use of a gun, "coupled with his prior history of criminal convictions and behavior" enhanced his sentence to the maximum time available in the appropriate range, twenty-five years. The defendant does not challenge the trial court's application of enhancement factors. Our review of the record confirms that the consideration and application of enhancement factors by the trial court complies with *Blakely* and *Cunningham. See State v. Anthony Riggs*, No. M2007-02322-RM-CD, 2008 WL 1968826, at *4 (Tenn. Crim. App., at Nashville, May 7, 2008) (holding that the defendant's unequivocal admission at trial or during the sentencing process, or a factual acknowledgment in the presentence report introduced without objection at sentencing complies with *Blakely*); *State v. Mohamed Medhet Karim,* No. M2006-00619-CCA-R3-CD, 2007 WL 1435390, at *5 ( Tenn. Crim. App., at Nashville, May 16, 2007), *perm. app. denied* (Tenn. Aug. 13, 2007) (concluding that the defendant's admission at trial and at the sentencing hearing that he possessed a knife during the altercation supported the trial court's consideration of enhancement factor in sentencing the defendant for a conviction of second degree murder); *State v. Christopher Franklin Waddell,* No. M2004-00126-CCA-R3-CD, 2005 WL 176495, at *6 (Tenn. Crim. App., at Nashville, Jan. 27, 2005), *perm. app. denied* (Tenn. May 23, 2005) (concluding that defendant's testimony at the sentencing hearing that he had committed crimes while on probation supported consideration of enhancement factor).

Having applied enhancement factors, the court then considered the application of mitigating factors. The defendant asserts that the trial court failed to consider all applicable mitigating factors. He further asserts that the court did not properly weigh the mitigating factors that were considered. To begin our review of the trial court's consideration of mitigating factors, we recognize that a defendant's "sentence is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years." *State v. Boggs*, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). A court must comply with the purposes and principles of the 1989 Sentencing Act; however, the weight ascribed to enhancement and mitigating factors is left to the discretion of the trial court. *Id.* at 475-6. The

-4-

record reveals that defense counsel requested that the trial court mitigate the defendant's sentence by his youth and his "somewhat stable work record." The defendant further requested the court consider that "the unfortunate victim in this case was not the intended victim." The trial court announced consideration of the mitigating factors requested and specifically mentioned the defendant's "somewhat stable work record" and his attempt "to change his life. . . in the penitentiary by taking . . . classes[.]" However, the court found the factors insufficient to mitigate the defendant's sentence.

With regard to the defendant's work record, the presentence report indicates that the defendant worked as a cook from March of 2000 to September of 2001. He also worked for a produce company for six months in 1998. The defendant testified at the hearing that he also sold drugs, indicating that his work history included illegal sources of income. According to the presentence report, the defendant did not work from September of 2001, until the commission of the offense in April of 2003. We conclude that the record supports that the defendant's somewhat stable work record was not substantial enough to mitigate the defendant's sentence.

With regard to the defendant's effort to change his life, the defendant has not identified case law to support the proposition that obtaining an anger management certificate and efforts to obtain GED certification should have mitigated his sentence. Additionally, this court has noted a lack of support for the proposition that furthering one's education qualifies as a mitigating factor consistent with the purposes of the sentencing statutes. *See State v. Felix M. Leach*, No. M2001-02258-CCA-R3-CD, 2002 WL 31528532, at *4 (Tenn. Crim. App., at Nashville, Nov. 15, 2002), *perm. app. denied* (Tenn. Mar. 17, 2003) (affirming a maximum sentence within the appropriate range where the record reflected that the trial court considered all mitigating factors and found that none held enough weight to mitigate the sentence). We conclude that the defendant has failed to show that the trial court abused its discretion in failing to mitigate his sentence based on his enrollment in classes since his incarceration.

Defense counsel also requested that the trial court consider that "the unfortunate victim in this case was not the intended victim." However, the trial court did not view the killing of an innocent bystander as a mitigating factor. To the contrary, in recounting the facts of the case, the trial court stated, "But for the fact that the [the defendant] had chosen to arm himself with a gun and engage himself in gun play on a neighborhood street this gentleman would still be alive." We find no error in the trial court's findings as to the death of an innocent bystander resulting from the defendant randomly firing a gun on a public street. We conclude that the trial court did not err in failing to mitigate the defendant's sentence by the fact that the victim was unintended.

Although defense counsel requested that the trial court mitigate the defendant's sentence by his youth, the trial court did not specifically address the defendant's youth as a mitigating factor. In considering youth as a mitigating factor, a court should consider not only a defendant's age, but also his "education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." *State v. Turner*, 41 S.W.3d 663, 674 (Tenn. Crim. App. 2000). The record establishes that the defendant was twenty years old at the time of the offense, that he had been involved in the use and sale of drugs, and that he had a criminal record. In our view, the defendant's past criminal

behavior and previous convictions establish that the defendant was acquainted with the criminal justice system and with the consequences of violating the law. *See id.* We conclude that the record does not support that, due to his age, the defendant lacked sufficient judgment to appreciate the nature of his conduct. Accordingly, we find no error in the trial court's failure to mitigate the defendant's sentence by his youth.

For the first time on appeal, the defendant argues that the trial court should have considered the mitigating factors found in Tennessee Code Annotated sections 40-35-113(2) and (11). The defendant claims that he "acted under strong provocation and committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct." The record does not support application of the mitigating factor allowing for provocation, or for application of the factor allowing for unusual circumstances. *See* Tenn. Code Ann. §§ 40-35-113(2) and (11). The trial court was not required to find that the defendant acted under strong provocation or that substantial grounds existed tending to excuse the criminal conduct. In convicting the defendant of second degree murder, the jury chose not to credit the defendant's theory of self-defense or defense of others. Moreover, we fail to find on the record any substantial grounds which would justify the criminal conduct of repeated use of a firearm on a public street. Likewise, we cannot conclude that the circumstances under which the crime occurred were so unusual that it is unlikely that a sustained intent to violate the law motivated the conduct. To the contrary, the circumstances under which the crime occurred support the trial court's enhancement of the defendant's sentence due to his use of a firearm. We conclude that the evidence was insufficient to warrant application of the mitigating factors found in Tennessee Code Annotated sections 40-35-113(2) and (11).

The defendant further asserts that the trial court failed to consider his remorse. This court has previously stated that "genuine, sincere remorse" could be applied as a mitigating factor under Tennessee Code Annotated section 40-35-113(13). *State v. Williamson*, 919 S.W.2d 9, 83 (Tenn. Crim. App. 1995). However,"the mere speaking of remorseful words or a genuflection in the direction of remorse will not earn the accused a sentence reduction." *State v. Patricia Spencer*, No. W1999-00030-CCA-R3-CD, 2000 WL 279696, at *4 (Tenn. Crim. App., at Jackson, Mar. 6, 2000). Our review of the record reveals that at the hearing, the defendant testified that he meant no harm to the victim and the victim's family. He stated that he would never show disrespect or do "any kind of harm to [an] elder[ly] person for no reason[.]" However, the defendant also expressed regret that his "supposed to be friend" exchanged his testimony against the defendant for a lighter sentence. He testified that he felt misled by others and emphasized that he did not see the victim at the time of the shooting. (11,12) The defendant explained that the incident occurred "because it was something going on between my supposed to be friend and [Mr. Barnes]." We find no indication in the record that the trial court considered the defendant's remorse when sentencing him. However, in our view, the record does not support that the defendant demonstrated sincere remorse for his actions and the death of Mr. Franklin sufficient to mitigate his sentence. We conclude that the trial court did not err in failing to apply the defendant's remorse as a mitigating factor.

The defendant also asserts that the trial court failed to consider the defendant's potential for rehabilitation. We disagree. The record reveals that the trial court considered the defendant's work history and his efforts to better his life. However, in its discretion, the trial court did not assign the

defendant's work history or his efforts since his incarceration sufficient weight to mitigate the defendant's sentence. The defendant argues no additional basis in support of his potential for rehabilitation. In our view, the record reveals no additional grounds to support the defendant's potential for rehabilitation. We conclude that the defendant has not demonstrated that the trial court failed to consider the defendant's potential for rehabilitation.

Finally, we note that in other cases involving the application of enhancement factors (1), the defendant's prior criminal record or behavior, and (9), the defendant's use of a firearm during the commission of the offense, such factors have been accorded significant weight by this court. *See State v. Jeffrey Coffey*, No. M2000-00770-CCA-R3-CD, 2001 WL 178465, at *13 (Tenn. Crim. App., at Nashville, Feb. 23, 2001), *perm. app. denied* (Tenn. June 18, 2001) (citations omitted) (considering the defendant's criminal record and holding that factors (1) and (9) should be weighed heavily). In affirming a maximum sentence within the appropriate range this court has concluded that despite the application of a mitigating factor, factors (1) and (9) were sufficient to "not only to elevate the sentence to the maximum ceiling, but also to firmly embed the sentence in the ceiling." *State v. Samuel D. Braden,* No. 01C01-9610-CC-00457, 1998 WL 85285, at *7 (Tenn. Crim. App., at Nashville, Feb. 18, 1998). Similarly, in this instant case, the record supports that the enhancement factors were weighed and found to elevate the defendant's sentence to the maximum sentence within the range and that the mitigating factors suggested by defense counsel at the hearing and on appeal were not sufficient to lessen the defendant's sentence.

Accordingly, we conclude that the trial court complied with applicable sentencing statutes. We further conclude that the court's findings and the sentencing of the defendant were sufficiently supported by the record. Therefore, the defendant is not entitled to relief on this issue.

Conclusion

Based on the foregoing, the judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE