IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2012

## JERMAINE BRADFORD v. RONALD COLSON, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 11C-2504     Hamilton V. Gayden, Judge**

_____

**No. M2011-02007-CCA-R3-HC - Filed August 17, 2012**

_____

Petitioner, Jermaine Bradford, filed a petition for habeas corpus relief in the Circuit Court of Davidson County.  He sought habeas corpus relief from his conviction in the Criminal Court of Davidson County for especially aggravated kidnapping.  The habeas corpus court dismissed the petition without a hearing.  Petitioner appeals, and we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the  court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Jermaine Bradford, Nashville, Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Victor S. (Torry) Johnson, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial, Petitioner and his co-defendant, Terrance Latroy Turner, appealed their convictions to this Court.  Petitioner's conviction was affirmed. *State v. Turner*, 41 S.W.3d 663 (Tenn. Crim. App. 2000).  Petitioner's subsequent petition for post-conviction relief was denied and this was also affirmed by this Court on appeal. *Terrance L. Turner and Jermaine Montez Bradford v. State*, No. M2002-02429-CCA-R3-PC, 2004 WL 587636 (Tenn. Crim. App. Mar. 25, 2004) (app. den. Aug. 30, 2004).  The *pro se* petition for habeas corpus relief was filed June 28, 2011.  The trial court ultimately dismissed the petition by order entered August 15, 2011 because Petitioner "[f]ailed to file pauper[']s

oath" and because he had "[f]ailed to file the partial payment of the filing fee as required by T.C.A. § 41-21-807." Later, the trial court entered an "order allowing filing on pauper's oath." This last order by the habeas corpus court was not filed until September 16, 2011, four days *after* Petitioner had already filed his notice of appeal to this court on September 12, 2011. The filing of the notice of appeal removed jurisdiction of the case from the habeas corpus court to this court. *See State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980) (Jurisdiction of the Court of Criminal Appeals attaches with the filing of the notice of appeal); *see also State v. Peak*, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991).

Petitioner has presented two issues for review on appeal: (1) The habeas corpus court erred by dismissing the petition on the technical grounds relied upon by that court; and (2) Petitioner "presents a valid habeas jurisdictional issue of factual variance in indictment between bodily injury and serious bodily injury."

Where the claims by a petitioner in a habeas corpus proceeding would render the judgment of conviction merely voidable, and not void, then the petitioner is clearly not entitled to habeas corpus relief and the petition should be summarily dismissed without a hearing. Tenn. Code Ann. § 29-21-109; *see Daniel v. State*, No. M2005-02522-CCA-R3-PC, 2006 WL 644018 (Tenn. Crim. App. at Nashville, filed March 9, 2006), *no perm. app. filed* (summary dismissal of habeas corpus petition was proper where there were no grounds to show that judgment was void or that petitioner's sentence had expired); *see also Edwards v. Lindamood*, No. M2006-01092-CCA-R3-HC, 2007 WL 152233 (Tenn. Crim. App. at Nashville, filed Jan. 17, 2007), *perm. app. denied* (Tenn. Apr. 16, 2007) (summary dismissal of habeas corpus petition was proper where petitioner's objections to the indictment did not render the judgment void); *see also Thurmond v. Carlton*, No. E2007-00112-CCA-R3-HC, 2007 WL 4335479 (Tenn. Crim. App. at Knoxville, filed Dec. 12, 2007), *no perm. app. filed* (habeas corpus petition properly summarily dismissed because petitioner's claim that the state failed to elect offenses at trial would render his convictions voidable).

The only substantive issue raised by Petitioner on appeal is based upon erroneous factual assertions, but even if true, he essentially argues that the evidence was insufficient to support his conviction. The indictment in Petitioner's case, attached to his petition for habeas corpus relief, alleges that he committed the offense of especially aggravated kidnapping by accomplishing the offense "with a deadly weapon or by the displaying of any article used or fashioned to lead [the victim] to reasonably believe the article to be a deadly weapon." It did not matter whether the victim suffered "serious bodily injury" or only "bodily injury," or, in fact, any injury at all. The injury to the victim in Petitioner's case was irrelevant as to the elements for the conviction offense because Petitioner was convicted of especially aggravated kidnapping pursuant to the "deadly weapon" theory of especially

aggravated kidnapping." *See* Tenn. Code Ann. § 39-13-305(a)(1). *Cf* Tenn. Code Ann. § 39-13-305(a)(4)(the "serious bodily injury" theory of especially aggravated kidnapping).

We have reviewed the petition for habeas corpus relief. Petitioner's allegations, even if taken as true, would render the judgment of conviction merely voidable, and not void. Petitioner is not entitled to relief in this appeal. The petition was properly dismissed.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE