IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 2000 Session

## STATE OF TENNESSEE v. ANTHONY BORG

**Appeal from the Criminal Court for Putnam County**
**No. 98-0323   Leon C. Burns, Jr., Judge**

---

**No. M1999-02360-CCA-R3-CD Filed November 3, 2000**

---

Defendant, Anthony Borg, pled guilty to one count of burglary and was sentenced by the trial court to a term of four years in the Department of Correction. On appeal, the defendant raises two issues: (1) whether the trial court erred by imposing the maximum sentence; and (2) whether the trial court erred in denying the defendant alternative sentencing. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

David Neal Brady, District Public Defender; and H. Marshall Judd, Assistant District Public Defender, Cookeville, Tennessee, for the appellant, Anthony Borg.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William Edward Gibson, District Attorney General; and David A. Patterson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant, Anthony Borg, was indicted on one count of burglary and one count of theft over $1,000. The defendant pled guilty to one count of burglary, and the theft charge was dismissed. The defendant received a four-year sentence. The defendant challenges the length of the sentence and the trial court's denial of alternative sentencing. We affirm the judgment of the trial court.

## FACTS

The defendant was employed by the City of Cookeville. On July 17, 1998, the defendant entered the shop at the housing authority and stole some tools and two-way radios. The defendant gained entry by using keys with which he had been entrusted.

At the sentencing hearing the defendant testified that he had a history of drug and alcohol abuse. The defendant claimed that he was under the influence at the time of the burglary and did not remember committing the burglary.

## LENGTH OF SENTENCES IMPOSED

The defendant contends that the trial court erred by imposing the maximum sentence. This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

The defendant does not contend that the trial court failed to consider mitigating factors. A review of the sentencing transcript reveals that the trial court noted the following: (1) the defendant did not cause or threaten serious bodily injury; (2) the defendant "might have been intoxicated" when he committed the offense; and (3) the defendant received drug/alcohol treatment. *See* Tenn. Code Ann. § 40-35-113(1) and (13). The trial court did not give any weight to these factors, however.

The trial court also applied the following enhancement factors in reaching its sentencing determination: (1) the defendant had a prior criminal history; (2) the defendant previously committed a felony while on parole; (3) the defendant was on parole and probation at the time of the offense; and (4) the defendant violated a position of public trust. *See* Tenn. Code Ann. § 40-35-114(1), (8), (13) and (15). The trial court gave "heavy weight" to the enhancement factors.

The record reveals the defendant had the following prior convictions: two residential burglaries in Michigan, DUI, disorderly conduct, assault and public intoxication. He had a prior revocation of parole in Michigan and was on misdemeanor assault probation at the time of the instant offense. The trial court applied the violation of public trust enhancement factor because the defendant utilized his work key to gain entrance into the building.

The weight given to mitigating and enhancing factors is left to the sound discretion of the trial court. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986). We do note, however, that the record does not show that the defendant was on parole at the time of the instant offense. The record further shows that he was only on misdemeanor probation at the time of the offense. Thus, enhancement

factor (13) was inapplicable. Nevertheless, there was ample basis to impose the four-year sentence. We are unable to conclude that the trial court abused its discretion in assessing the maximum four-year sentence.

## ALTERNATIVE SENTENCING

The defendant contends that the trial court erred in denying him probation or alternative sentencing. Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

In determining whether an alternative sentencing option was appropriate for the defendant, the trial court examined several factors. The trial court stated that the defendant's criminal history, the fact that the defendant was on probation at the time he committed the instant offense, and the fact that he committed a previous felony while on parole were "indication[s] ... that [the defendant] doesn't take seriously the release into the community on restrictions and conditions." We agree.

While the defendant is presumed to be a favorable candidate for alternative sentencing under Tenn. Code Ann. § 40-35-102(6), the sentencing transcript reflects that defendant has a long history of criminal conduct and past efforts at parole and probation have failed. *See* Tenn. Code Ann. § 40-35-103(1)(A) and (C). The trial court did not err in denying the defendant alternative sentencing.

## CONCLUSION

We conclude that the trial court did not err in the length of the sentence it imposed, nor in denying the defendant alternative sentencing. The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE